No. 16-56799

_____

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

ANTHONY PAUL MANRIQUE

*Debtor and Appellant*,

v.

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR LEHMAN XS
TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-16N

*Secured Creditor and Appellee*.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION
CASE NO. 5:16-cv-00708-DOC

UNITED STATES BANKRUPTCY COURT-CENTRAL DISTRICT OF
CALIFORNIA - RIVERSIDE DIVISION
CASE NO.6:15-bk-10650-SY

_____

## APPELLEE'S OPENING BRIEF

**ALDRIDGE PITE, LLP**
Todd S. Garan (SBN 236878)
4375 Jutland Drive, Suite 200
San Diego, California 92117
Phone: (858) 750-7600
Fax: (858) 590-1385

Attorneys for *Appellee*
U.S. Bank National Association,
as Trustee for Lehman XS Trust
Mortgage Pass-Through
Certificates, Series 2007-16N

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Federal Rules of Appellate Procedure Rule 28(a)(1), U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-16N ("<u>U.S. Bank, N.A.</u>") hereby submits the following Corporate Disclosure Statement in the above-captioned matter:

U.S. Bank, N.A. is a wholly owned indirect subsidiary of U.S. Bancorp and no publicly held corporation other that U.S. Bancorp owns 10% or more of its stock. U.S. Bank, N.A. makes these disclosures solely for the purpose of Federal Rule of Bankruptcy Procedure 8012 and reserves the right to supplement them as needed.

## <u>CERTIFICATION AS TO RELATED PARTIES</u>

The undersigned certifies that the following parties have an interest in the outcome of this Appeal. These representations are made to enable the Court to evaluate possible disqualification or recusal.

- Anthony Paul Manrique, Appellant.

- U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-16N, Appellee.

- Nationstar Mortgage LLC

<div style="margin-left:50%">

/s/ *Todd S. Garan*
TODD S. GARAN (SBN 236878)
Attorneys for *Appellee* U.S. Bank
National Association, as Trustee for
Lehman XS Trust Mortgage Pass-
Through Certificates, Series 2007-
16N

</div>

# <u>TABLE OF CONTENTS</u>

**Page(s)**

I.   JURISDICTIONAL STATEMENT ................................................. - 1 -

II.  COUNTERSTATEMENT OF ISSUES ....................................... - 1 -

III. STANDARDS OF REVIEW ..................................................... - 1 -

IV.  COUNTERSTATEMENT OF THE CASE ............................... - 2 -

    A.  Origination of the Loan ..................................................... - 2 -

    B.  Appellant's Chapter 11 Bankruptcy Case ........................ - 3 -

    C.  Appellant's Motion for Reconsideration of Court's Order Overruling

        Appellant's Objection to Proof of Claim. .......................... - 4 -

    D.  The U.S. District Court Appeal. ......................................... - 6 -

V.   SUMMARY OF ARGUMENT ................................................. - 6 -

VI.  ARGUMENT ......................................................................... - 7 -

    A. THE COURT LACKS JURISDICTION TO REVIEW THE CLAIM

       OBJECTION ORDER ENTERED ON NOVEMBER 16, 2015 OR

       RELATED ISSUES. ............................................................. - 7 -

       1. Legal Standard. ............................................................ - 8 -

       2. Appellant Failed to File a Timely Notice of Appeal of the Claim Objection

         Order, entered on November 16, 2015. ........................... - 8 -

    B. THE BANKRUPCY COURT DID NOT ABUSE ITS DISCRETION IN

       DENYING APPELLANT'S MOTION FOR RECONSIDERATION. ....... - 9 -

       1. Legal Standard. ............................................................ - 9 -

       2.  The Bankruptcy Court's Denial of Debtor's Motion for Reconsideration of

         the Claim Objection Order Was Proper. ........................ - 10 -

         a.  Relief Under Rule 60(b)(1) Mistake, Inadvertence, Surprise, or

            Excusable Neglect …………………………………………...…-

12 -

b. Relief Under Rule 60(b)(2) Newly Discovered Evidence…...……....- 14 -

c. Relief Under Rule 60(b)(3) Fraud, Misrepresentation or Misconduct by an Opposing Party……………………………………………………-17 -

d. Relief Under Rule 60(b)(4) Judgement Is Void……………………- 18 -

e. Relief Under Rule 60(b)(6) Any Other Reason That Justifies Relief …………………………………………………………............- 20 -

VII. CONCLUSION ........................................................................- 25 -

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alexander v. Bleau (In re Negrete)*,
   183 B.R. 195, 197 (9th Cir. B.A.P. 1995); affirmed, 103 F.3d 139 (9th Cir. 1996)..
   .................................................................................................. - 2 -, - 9 -

*Chick Kam Choo v. Exxon Corp.*,
   699 f.2d 693, 695 (5th Cir.), cert. denied, 464 U.S. 826, 104 S.Ct. 98, 78 L.Ed.2d
   103 (1983) ................................................................................... - 13 -

*Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., Inc.*,
   833 F.3d 208, 211 (9th Cir. 1987) ............................................... - 14 -

*Feature Realty, Inc. v. City of Spokane*,
   331 F.3d 1082, 1093 (9th Cir. 2003). (*quoting Coastal Transfer Co. v. Toyota
   Motor Sales, U.S.A., Inc.*, 833 F.3d 208, 211 (9th Cir. 1987) .......................... - 14 -

*Hinkson*,
   585 F.3d at 1261-62 ........................................................................ - 9 -

*In re Babb*,
   440 B.R. 523, 525-526 (Bankr. 2010) ........................................... - 17 -

*In re Barger*,
   219 B.R. 238 (8th Cir. BAP 1998) ................................................. - 10 -

*In re Blausey*,
   552 F.3d 1124, 1132 (9th Cir. 2009); *In re Hamada*, 291 F.3d 645, 649 (9th Cir.
   2002). ............................................................................................. - 2 -

*In re Captain Blythers, Inc.*,
   311 B.R. 530, 539 (9th Cir. 2004) ................................................. - 10 -

*In re Cleanmaster Industries, Inc.*,

    106 BR. 628, 630 (9th Cir. B.A.P. 1989) .................................................. - 2 -, - 9 -

*In re Cleanmaster Industries, Inc*.,

    106 B.R. 628, 630 (9th Cir. BAP 1989) (citation omitted).............................. - 10 -

*In re Cmty. Dental Services v. Tani*,

    282 F.3d 1164 (9th Cir. 2002),....................................................................... - 23 -

*In re Ctr. Wholesale, Inc*.,

    759 F.2d 1440, 1448 (9th Cir. 1985).............................................................. - 18 -

*In re Ctr. Wholesale, Inc*., supra,

    759 F.2d at 1448 ............................................................................................ - 19 -

*In re Ctr. Wholesale, supra*,

    773 F.3d at 1448-1450 .................................................................................. - 19 -

*In re Curry and Sorensen, Inc.*,

    57 B.R. 824, 826-27 (9th Cir. BAP 1986) ...................................................... - 10 -

*In re Design Classics, Inc.*,

    788 F.2d 1384 (8th Cir. 1986). ...................................................................... - 10 -

*In re Greiner v. City of Champlin*,

    152 F.3d 787 (8th Cir. 1998)........................................................................... - 17 -

*In re Greiner v. City of Champlin*,

    152 F.3d 787 (8th Cir. 1998) [emphasis added]; *In re Babb*, 440 B.R. 523, 525-

    526 (Bankr. 2010)........................................................................................... - 17 -

*In re Int'l Fibercom, Inc.*,

    503 F.3d 933, 940 (9th Cir. 2007) ................................................................. - 11 -

*In re Int'l Fibercom, Inc.*,

    503 F.3d 933, 940 (9th Cir. 2007). ................................................................ - 20 -

*In re Martinelli*,

    96 B.R. 1011, 1012 (9th Cir. B.A.P. 1988) .............................................. - 2 -, - 9 -

*In re Meruelo Maddus Properties, Inc.*,

   667 F.3d 1072, 1075-1077 (9th Cir. 2012) ........................................- 1 -

*In re Mortgage Store, Inc.*

   773 F.3d 990, 998 (9th Cir. 2014)..................................................- 18 -

*In re Mortgage Store, Inc.*, supra,

   773 F.3d at 998................................................................................- 24 -

*In re Negrete,*

   183 B.R. 195, 197 (9th Cir. BAP 1995), aff'd 103 F.3d 139 (9th Cir. 1996)...- 14 -

*McMillan v. MBank Fort Worth, N.A.*,

   4 F.3d 362, 367 (5th Cir. 1993) (quoting *Chick Kam Choo v. Exxon Corp.*, 699

   f.2d 693, 695 (5th Cir.), cert. denied, 464 U.S. 826, 104 S.Ct. 98, 78 L.Ed.2d 103

   (1983)). .............................................................................................- 13 -

*Preblich v. Battley*,

   181 F.3d 1048, 1056 (9th Cir. 1999)................................................- 8 -

*Rajamin v. Deutsche Bank National Trust Co.,* 757 F.3d 79, 87-90 (2nd Cir.

   2014)….............................................................................................- 23 -

*Saterbak v. JPMorgan Chase Bank, N.A.*

   (2016) 245 Cal.App.4th 808, 814-15)..............................................- 22 -

*Saterbak, supra*,

   245 Cal.App.4th at 815-820 ............................................................- 22 -

*TrafficSchool.com v. Edriver Inc.*,

   653 F.3d 820, 832 (9th Cir. 2011)....................................................- 9 -

*United States v. Hinkson*,

   585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc) .........................- 9 -

*Yhudai v. Impact Funding Corp.*,

   1 Cal.App.5th 1252, 1259 (2016) ....................................................- 23 -

*Yvanova v. New Centry Mortgage Corp ("Yvanova"),*

    62 Cal.4[th] 919 (2016) ................................................................- 21 -

*Yvanova v. New Century Mortgage Corp., et al,*

    62 Cal.4[th] 919 (2016); 365P.3d 845, 2016 WL639256....................- 5 -

*Yvanova, supra,*

    62 Cal.4[th] at 924, 934-935, 937-938 ............................................- 22 -

## Statutes

28 U.S.C. § 1334 ...........................................................................- 1 -

28 U.S.C. § 158(a)(1)......................................................................- 1 -

## Other Authorities

12 JAMES WM. MOORE, ET. AL., Moore's Federal Practice 59.03[5][a][iii] (3rd

    ed. 2005) .................................................................................- 15 -

## Rules

Fed. R. Bankr. P. 8002 ..................................................................- 8 -

Fed. R. Bankr. P. 9024 ..................................................................- 11 -

Fed. R. Civ. P. 59(e)......................................................................- 10 -

Fed. R. Civ. P. 60 ............................................................- 10 -, - 11 -

Fed. R. Civ. P. 60(b) .....................................................................- 11 -

Rule 59(b). ...................................................................................- 15 -

Rule 60(b)(2)................................................................................- 12 -

Rule 60(b)(2)................................................................................- 16 -

Rule 60(b)(3)................................................................- 12 -, - 17 -, - 18 -

Rule 60(b)(4)................................................................................- 19 -

Rule 60(b)(6)....................................................................- 7 -, - 12 -

Rule 9024 .....................................................................................- 11 -

# I.    JURISDICTIONAL STATEMENT

The United States Bankruptcy Court for the Central District of California-Riverside Division ("Bankruptcy Court") had jurisdiction over the Appellant's Bankruptcy matter pursuant to 28 U.S.C. § 1334 and §§ 105(a), 157(b)(1). The U.S. District Court for the Central District of California-Santa Ana Division ("U.S. District Court") had jurisdiction to hear the Appellant's appeal of the Bankruptcy Court's order denying on Appellant's Motion for Reconsideration, entered on April 7, 2016, pursuant 28 U.S.C. § 158(a)(1).  This Court has jurisdiction to hear Appellant's Appeal of the U.S. District Court's Order Affirming the U.S. Bankruptcy Court's Order Denying Appellant/Debtor's Motion for Reconsideration entered on November 16, 2016, pursuant to 28 U.S.C. § 158(d)(1).

# II.    COUNTERSTATEMENT OF ISSUES

Whether the Bankruptcy Court abused its discretion in denying Appellant's Motion for Reconsideration of the Order Overruling Appellant's Objection to Appellee's Proof of Claim.

# III.   STANDARDS OF REVIEW

In reviewing decisions of the Bankruptcy Court and District Court, legal conclusions are reviewed de novo and factual determinations are reviewed for "clear error."  *See, In re Meruelo Maddus Properties, Inc.*, 667 F.3d 1072, 1075-1077 (9th Cir. 2012); *In re Blausey*, 552 F.3d 1124, 1132 (9th Cir. 2009); *In re Hamada*, 291

F.3d 645, 649 (9th Cir. 2002).

A Bankruptcy Court's denial of a Motion for Reconsideration is reviewed for abuse of discretion. *See*, *Alexander v. Bleau (In re Negrete)*, 183 B.R. 195, 197 (9th Cir. B.A.P. 1995); *affirmed*, 103 F.3d 139 (9th Cir. 1996); *In re Pacific Far East Lines*, 889 F.2[nd] 242, 244-245 (9th Cir. 1989); *In re Cleanmaster Industries, Inc.*, 106 BR. 628, 630 (9th Cir. B.A.P. 1989); *In re Martinelli*, 96 B.R. 1011, 1012 (9th Cir. B.A.P. 1988).

## IV.   COUNTERSTATEMENT OF THE CASE

### A.   Origination of the Loan

On June 27, 2007, Appellant (hereinafter, "Debtor") and Alisa Arlene Manrique (collectively, the "Borrowers") obtained a Loan from Countrywide Home Loans, Inc. dba America's Wholesale Lender ("Lender") in the principal amount of $388,000.00, which is reflected in a promissory note (the "Note") secured by a first position deed of trust (the "Deed of Trust") encumbering the real property located at 718 Silverwood Avenue, Upland, California 91786 (the "Property"). (*See*, Appellee's Supplemental Excerpt of Record ("SER", Pgs 118-160). On July 8, 2007, the Deed of Trust reflects that it was duly recorded in the official records of San Bernardino County, State of California. (*See*, *Id*). The Note and Deed of Trust may be referred to collectively herein as the "Loan." Subsequently, all of the Lender's beneficial interest under the Loan was transferred to Appellee (hereinafter, "US Bank"). (*See,*

*Id*).

## B.    Appellant's Chapter 11 Bankruptcy Case

On January 26, 2015, Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, in the United States Bankruptcy Court for the Central District of California-Riverside Division.  (*See*, SER, Pg.38).

On March 6, 2015, US Bank filed a Proof of Claim (the "Proof of Claim") against the Debtor's Bankruptcy Estate.  (*See*, SER, Pgs. 118-160).

On July 27, 2015, Debtor filed an Objection to US Bank's Proof of Claim (the "Objection to Claim")[1] arguing US Bank did not have standing to assert or file its Proof of Claim in Debtor's Bankruptcy Case, and that the amounts stated in the Proof of Claim were unsupported.  (*See*, SER, Pgs.161-225).

On September 23, 2015, US Bank filed its Response (the "Response") to Debtor's Objection to Claim asserting its did have standing to file its Proof of Claim as it was the holder of the Note under California law, and that the amounts stated in the Proof of Claim were properly supported.  (*See*, SER, Pgs.191-239).

The hearing on Debtor's Objection to Claim was continued several times, but ultimately set for hearing on October 29, 2015 in the Bankruptcy Court. (*See*, SER,

---

[1] Debtor filed an initial Objection to Claim on July 22, 2015 [BK Dkt No.41]; however, the Court notified the Debtor that it had entered the wrong event code and that the Objection to Claim would not be set for hearing.  (See, SER, Pgs.46-49 (BK Dkt No.43)).  As such, Debtor refiled its Objection to Claim on July 27, 2015 (BK Dkt No.45), and it is this Objection to Claim that was set for hearing and disposition by the US Bankruptcy Court. ( See, SER, Pgs.161-226, 227-283).  Debtor's Opening Brief incorrectly references, and attaches to his Excerpt of Record this initial Objection to Claim that was not set for hearing.  In addition, this initial Objection to Claim was not designated by Debtor as part of the

Pgs. 226, 276-280, 281, 282-283).

On October 15, 2015, Debtor filed his Reply and Evidentiary Objections to US Bank's Response to the Objection to Claim (collectively, the "Reply"). (*See*, ER, Pgs.193-200, 201-244)

On October 29, 2015, the hearing on Debtor's Objection to Claim was held and the Bankruptcy Court overruled Debtor's Objection to US Bank's Claim. (*See*, ER, Pgs.255-268).

On November 16, 2015, the Bankruptcy Court entered an Order Overruling Debtor's Objection to US Bank's Proof of Claim (the "Claim Objection Order"). (*See*, SER, Pg.1-2).

Debtor did not file a notice of appeal of the Claim Objection Order within 14 days of the Court's entry of the Claim Objection Order. (See, ASER, Pg.38-67). Debtor does not dispute this fact. (See, Debtor's Opening Brief, Pg.5, ¶ 14:10-11).

**C. Appellant's Motion for Reconsideration of Court's Order Overruling Appellant's Objection to Proof of Claim.**

On January 15, 2016, two months after the Bankruptcy Court entered the Claim Objection Order, Debtor filed a Motion for Reconsideration of the Court's Claim Objection Order. (*See*, ER, Pgs.271-290).

On January 16, 2016, Debtor also filed his Declaration in Support of the Motion

---

Bankruptcy Record on Appeal to the U.S. District Court, or the U.S. District Court in connection with this Appeal. As

for Reconsideration. (*See*, SER, Pgs. 340-360[2] ). The Debtor's Motion for Reconsideration and Declaration filed in support thereof shall be referred to collectively herein as the "Motion for Reconsideration."

On February 4, 2016, the Debtor filed its Notice of Hearing on the Motion for Reconsideration setting the hearing thereon for March 17, 2016 and related response deadlines. (*See*, SER, Pgs.284-287).

On March 3, 2016, US Bank filed is Opposition (the "Opposition") to Debtor's Motion for Reconsideration asserting that Debtor's Motion for Reconsideration failed to both legally and factually please any grounds for relief under Federal Rule of Bankruptcy Procedure 60(b). (*See*, SER, Pg.288-330).

On March 15, 2016, Debtor filed his Request for Judicial Notice in Support of the Motion for Reconsideration, which solely attached a copy of the California Supreme Court Case, *Yvanova v. New Century Mortgage Corp., et al*, 62 Cal.4[th] 919 (2016). (*See*, ER, Pgs.331-367).

On March 16, 2016, US Bank filed its Objection to Debtor's Request for Judicial Notice as it as filed untimely under Local Bankruptcy Rules, and that said case was not relevant to the issues under the Motion for Reconsideration. (*See*, SER, Pgs.331-330).

---

such, US Bank objects to its reference and inclusion as part of the designated record before this Court.
[2] Debtor's Declaration, filed on the Bankruptcy Court's Docket, Docket Number 76, was 1,476 pages long. Debtor did not attach a copy of this Declaration to his Excerpt of Record. US Bank has not attached the entire Declaration, but instead has included pages that it believes are relevant to the issues discussed in this Appeal.

On March 17, 2016, a hearing was held on Debtor's Motion for Reconsideration, and based upon the parties' pleadings and for the reasons stated on the record, the Bankruptcy Court denied Debtor's Motion for Reconsideration. (*See*, SER, Pgs.5-30).

On April 7, 2016, the Bankruptcy Court entered the Order Denying Debtor's Motion for Reconsideration. (*See*, SER, Pgs.3-4).

**D.    The U.S. District Court Appeal**.

On April 12, 2016, Debtor filed a Notice of Appeal and Statement of Election to the U.S. District Court (the "Appeal") with respect to the Bankruptcy Court's Order denying Debtor's Motion for Reconsideration. (*See*, SER, Pgs.334-339).

On November 16, 2016, a hearing on Debtor's Appeal of the Motion for Reconsideration was held. (*See,* ER, Pgs.399-404).

On November 18, 2016, the U.S. District Court issued its Order denying Debtor's Appeal, and Affirming the Bankruptcy Court's Order Denying Debtor's Motion for Reconsideration. (*See*, SER, Pgs. 31-37).

On December 2, 2016, Debtor filed its Notice of Appeal of the U.S. District Court's Order to this Court. (*See*, ER, 399-404).

## V.    SUMMARY OF ARGUMENT

Debtor did not timely appeal the Bankruptcy Court's Claim Objection Order. This fact is undisputed in Debtor's Opening Brief. Thus, this Court does not have

jurisdiction to review the Bankruptcy Court's ruling on the Claim Objection and those related issues as they are both procedurally, and jurisdictionally improper.

Further, the Bankruptcy Court did not abuse its discretion in denying Debtor's Motion for Reconsideration as Debtor had failed to both legally and factually support grounds for reconsideration under Rule 60(b), including, but not limited to that under Rule 60(b)(6). As the Bankruptcy Court appropriately pointed out, Debtor's Motion for Reconsideration was more properly characterized as an attempt to rehash arguments and facts either raised during the Objection to Claim proceedings, or that should have been raised in connection with those proceedings. Moreover, Debtor seeks to raise issues here for the first time on this appeal that were not factually or legally asserted in connection with the Motion for Reconsideration or the appeal to the U.S. District Court, and these issues should be disregarded. Accordingly, US Bank respectfully requests this Court affirm the District Court's Ruling denying Debtor's Appeal of the Bankruptcy Court's ruling Denying Debtor's Motion for Reconsideration.

## VI. ARGUMENT

## A. THE COURT LACKS JURISDICTION TO REVIEW THE CLAIM OBJECTION ORDER ENTERED ON NOVEMBER 16, 2015 OR RELATED ISSUES.

1. **Legal Standard.**

Pursuant to Federal Rule of Bankruptcy Procedure 8002, "[t]he notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from." *See* Fed. R. Bankr. P. 8002(a). The provisions of Rule 8002 are jurisdictional. *In re Mouradick*, 13 F.3d 326, 327 (9th Cir. 1994). The untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order. *Id.*; *see also. Preblich v. Battley*, 181 F.3d 1048, 1056 (9th Cir. 1999) (absent an extension, a notice of appeal must be filed within the time limit or the right to appeal is waived).

2. **Appellant Failed to File a Timely Notice of Appeal of the Claim Objection Order, entered on November 16, 2015**.

On November 16, 2015, the Bankruptcy Court entered its Claim Objection Order. (*See*, SER, Pgs.1-2.) Appellant did not file a notice of appeal of the Claim Objection Order within the 14 day period required pursuant to Fed. R. Bankr. P. 8002(a). (*See*, SER, Pgs.38-67). Debtor's Opening Brief admits this fact, and thus, it is undisputed. (*See*, Debtor's Opening Brief, Pg.5, ¶14:10-11). The only order the Debtor timely appealed was the Order overruling Debtor's Motion for Reconsideration. (*See*, SER, Pgs.334-339).

As the Debtor did not timely file a notice of appeal of the Claim Objection Order within fourteen (14) days of its entry, pursuant to Fed. R. Bankr. P. 8002(a),

Debtor's right to appeal the Claim Objection Order was waived and this Court lacks jurisdiction to review the Claim Objection and those related issues. *In re Mouradick*, 13 F.3d 326, 327 (9th Cir. 1994).

## B. THE BANKRUPCY COURT DID NOT ABUSE ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR RECONSIDERATION.

### 1. Legal Standard.

A Bankruptcy Court's denial of a Motion for Reconsideration is reviewed for abuse of discretion. *See*, *Alexander v. Bleau (In re Negrete)*, 183 B.R. 195, 197 (9th Cir. B.A.P. 1995); *affirmed*, 103 F.3d 139 (9th Cir. 1996); *In re Pacific Far East Lines*, 889 F.2nd 242, 244-245 (9th Cir. 1989); *In re Cleanmaster Industries, Inc.*, 106 BR. 628, 630 (9th Cir. B.A.P. 1989); *In re Martinelli*, 96 B.R. 1011, 1012 (9th Cir. B.A.P. 1988). Whether a bankruptcy court abused its discretion is determined by employing a two-part test. *United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc). First, the court will review de novo whether the bankruptcy court applied the correct legal standard to the relief requested. *See*, *Hinkson*, *supra*, 585 F.3d at 1261-62. Next, the court will review the bankruptcy court's findings of fact for clear error. *Id.* at 1262 and n.20. Unless the court determines that the findings of fact are illogical, implausible or without support from evidence in the record, the court must affirm the bankruptcy court's fact findings. *Id.*; *see also TrafficSchool.com v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

**2.    The Bankruptcy Court's Denial of Debtor's Motion for Reconsideration of the Claim Objection Order Was Proper**.

Neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure ("Fed. R. Bank. Proc.") contemplate motions for reconsideration. *See*, *In re Captain Blythers, Inc.*, 311 B.R. 530, 539 (9th Cir. 2004); *In re Curry and Sorensen, Inc.*, 57 B.R. 824, 826-27 (9th Cir. BAP 1986). Instead, the Federal Rules of Bankruptcy Procedure recognize two types of motion to obtain post-judgment relief: a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) and a motion for relief from judgment under Fed. R. Civ. P. 60. Where the time for appeal has expired, a motion for reconsideration is construed as a Motion for Relief from a judgment under Rule 60(b). *See, In re Cleanmaster Industries, Inc*., 106 B.R. 628, 630 (9th Cir. BAP 1989) (citation omitted). Relief under Rule 60(b) is an extraordinary remedy and not a substitute for direct appeal of a judgment. When an error of law is alleged, the proper vehicle for attack on that error is a direct appeal. *In re Design Classics, Inc.*, 788 F.2d 1384 (8th Cir. 1986). Further, when a moving party fails to specify the rule under which it makes a post judgment motion, the characterization is left to the court with the risk that the moving party may lose the opportunity to present the merits of the underlying motion to the appellate court. *In re Barger*, 219 B.R. 238 (8th Cir. BAP 1998).

As discussed above, Debtor admits he did not timely appeal the Claim Objection Order. (*See*, Debtor's Opening Brief, Pg.5, ¶14:10-11). Thus, the Debtor's Motion for Reconsideration was construed as seeking relief under Fed. R. Civ. P. 60(b).

Rule 60(b) of the Federal Rules of Civil Procedure, which is made applicable to bankruptcy cases by Rule 9024 of the Federal Rules of Bankruptcy Procedure, provides in pertinent part:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief."

Fed. R. Civ. P. 60. Rule 60(b) ("Rule 60(b)) compliments the discretionary power that bankruptcy courts have as courts of equity "to reconsider, modify or vacate their previous orders so long as no intervening rights have become vested in

- 11 -

reliance on the orders." *In re Int'l Fibercom, Inc.*, 503 F.3d 933, 940 (9th Cir. 2007)(citations omitted).

In the present matter, the Bankruptcy Court expressly found Debtor's Motion for Reconsideration did not clearly articulate an argument, specific subsection, or grounds under Rule 60(b), though at first glace it appeared the Motion for Reconsideration was referencing Rule 60(b)(6), the "catch all" provision. (*See*, SER, Pgs. 12-13, Lines 9-14). Thus, in order to properly vet the Debtor's Motion for Reconsideration, the Bankruptcy Court took the approach of construing it "…liberally and broadly…." in much the same way it would be forced to do when dealing with a pro se debtor. (*Id.*). The Bankruptcy Court considered the following subsections of Rule 60(b) to be the most applicable based upon the Debtor's arguments and evidence submitted in connection with the Motion for Reconsideration: Rule 60(b)(1), (b)(2), (b)(3) and (b)(6). (*See*, SER, Pg.24, Lines 9-19).

## a.    **Relief Under Rule 60(b)(1) Mistake, Inadvertence, Surprise, or Excusable Neglect**.

Debtor's Motion for Reconsideration did not specifically plead any legal or factual basis related to excusable neglect under Rule 60(b)(1), and the Court found that the only possible grounds being asserted under Rule 60(b)(1) was related to inadvertent mistake of the Court. (*See*, SER, Pgs.20-24, Lines 25-4). Indeed, the

Bankruptcy Court had to go out of its way to "…broadly interpret…" Debtor's Motion for Reconsideration under Rule 60(b)(1) and likewise agreed that only grounds possibly asserted by the Debtor was for confusion or that the Bankruptcy Court made a mistake. (*See*, SER, Pg.20, Lines 1-6).

To properly plead relief under Rule 60(b)(1) for mistake, the Motion for Reconsideration would have to show that the mistake is attributable to special circumstances and not simply an erroneous legal ruling, which would be more appropriately addressed on appeal. *McMillan v. MBank Fort Worth, N.A.*, 4 F.3d 362, 367 (5th Cir. 1993) (quoting *Chick Kam Choo v. Exxon Corp.*, 699 f.2d 693, 695 (5th Cir.), *cert. denied*, 464 U.S. 826, 104 S.Ct. 98, 78 L.Ed.2d 103 (1983)).

The Bankruptcy Court found there was no error in the ruling on the Claim Objection Order as the order denying Debtor's Objection to Claim was exactly what the Bankruptcy Court ruled, and there was no error by the Bankruptcy Court's clerk. (*See*, SER, Pg.20, Lines 6-13). Further, Bankruptcy Court found Debtor's Motion for Reconsideration was asserting, generally, that its ruling on the Objection to Claim, including, but not limited to, negotiability of the Note, US Bank's standing to file its Proof of Claim, and evidentiary Objections to US Bank's Response to the Objection to Claim, were error, and that should be sufficient grounds under Rule 60(b)(1) to reconsider or vacate the Claim Objection Order. (*See*, SER, Pg.20-21, Lines 11-12). As the Bankruptcy Court correctly pointed out; however, Debtor's proper vehicle to

challenge the Claim Objection Order would have been to timely appeal that order, but Debtor did not do that. (*See*, *Id*.). Debtor's Motion for Reconsideration cannot be used as means to revisit the same issues already ruled upon by the Bankruptcy Court, or which advance supporting facts that were otherwise available when the issues were originally briefed. *In re Negrete,* 183 B.R. 195, 197 (9th Cir. BAP 1995), aff'd 103 F.3d 139 (9th Cir. 1996). "Such motions should not be used as a substitute for a timely appeal." (*Id).*

Based upon the foregoing, the Bankruptcy Court applied the correct legal and factual standard in denying Debtor's Motion for Reconsideration on grounds under Rule 60(b)(1) as Debtor had failed to show that the mistake of the Bankruptcy Court was attributable to special circumstances and not simply an erroneous legal ruling, which would be more appropriately addressed on appeal.

**b.   Relief Under Rule 60(b)(2) Newly Discovered Evidence**.

Evidence is newly discovered within the meaning of Rule 60(b)(2) if:

> (1) the moving party can show the evidence relied on in fact constitutes newly discovered evidence within the meaning of Rule 60(b); (2) the moving party exercised due diligence to discover this evidence; and (3) the newly discovered evidence must be of such magnitude that production of it earlier would have been likely to change the disposition of the case.

*See, Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003). (*quoting Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., Inc*., 833 F.3d

- 14 -

208, 211 (9th Cir. 1987) (internal quotes omitted). Moreover, the evidence must become available only after judgment and be both admissible and probative. 12 JAMES WM. MOORE, ET. AL., Moore's Federal Practice 59.03[5][a][iii] (3rd ed. 2005).

The only "newly discovered evidence" Debtor provided in support of the Motion for Reconsideration was copy of a prospectus supplement dated August 30, 2007, and a copy of Form 8-K, dated August 31, 2007. (*See*, ASER, Pgs,340-360). As US Bank's Opposition to the Motion for Reconsideration argued, Debtor never provided "new evidence" within the meaning of Rule 60(b)(2) because Debtor's evidence was in fact not new, but publically available prior the filing of the Objection to Claim, if not sooner. (*See*, SER, Pgs.292-294, Lines 13-20).

The Bankruptcy Court found that in order to be "new evidence" within the meaning of Rule 60(b)(2), Debtor would have to provide evidence that did not exist or that Debtor was not aware of or could not be found with reasonable diligence within the time required under Rule 59(b). (*See*, SER, Pg.13, Lines 14-20). The Bankruptcy Court noted the voluminous documents Debtor filed were publically available prior to Debtor's Claim Objection, and the Bankruptcy Court had no evidence or grounds to believe that Debtor could not have discovered these documents without reasonable diligence during the time required under Rule 59(b). (*See*, SER, Pg.13-14, Lines 14-20; SER, Pgs.292-294, Lines 5-13, n.1). Indeed,

Debtor was at least aware the Loan was part of a securitized trust since June 2013, and certainly prior to Debtor's Claim Objection proceedings. (*See,* ER, Pg. 229-235; SER, Pg. 54). Accordingly, the Bankruptcy Court correctly ruled that the attached documents were in fact not newly discovered evidence as required per Rule 60(b)(2).

The Bankruptcy Court also found that other than describing certain sections of the trust documents, the Motion for Reconsideration completely failed to articulate what purpose the documents served, what argument the Debtor was making or how these documents would have altered the outcome of the Bankruptcy Court's ruling on the Objection to Claim. (*See*, SER, Pgs.14-17, Lines 8-23). Bankruptcy Court thought Debtor may have been seeking to argue that the Note was never actually part of the securitized trust because the trust had closed prior to the Loan actually being transferred to the closing date required under the securitized trust, but the Motion for Reconsideration never expressly argued that. (*See*, *Id.*). Nonetheless, the Bankruptcy Court found that even if it did, there was still no substantive evidence provided by Debtor to support that theory since at the very least the Note predated the closing of the trust, and Debtor provided no evidence to confirm whether or not the Loan was transferred into the trust, which was Debtor's burden in connection with the Motion for Reconsideration. (*See*, SER, Pg.10-12, Lines 4-19).

As such, Debtor had still failed to provide new evidence in accordance with Rule 60(b)(2), and that said evidence, even if it were newly discovered, would have

been insufficient to change the outcome of the Claim Objection Order because there was nothing rebut the presumption of prima facie validity of US Bank's Proof of Claim or its status a Holder of the Note under California law. (*See*, SER, Pg.16-17, Lines 20-9; SER, Pg.293-294, Lines 14-20). Based upon the foregoing, the Bankruptcy Court applied the correct legal and factual standard in denying Debtor's Motion for Reconsideration on grounds under Rule 60(b)(2) as Debtor failed to provide "new evidence" that was sufficient to change the outcome of the Bankruptcy Court's ruling on the Objection to Claim.

### c.    Relief Under Rule 60(b)(3) Fraud, Misrepresentation or Misconduct by an Opposing Party.

To prevail under Rule 60(b)(3), Debtor was required to show by *clear and convincing evidence* that US Bank engaged in fraud or misrepresentation that prevented the Debtor from fully and fairly presenting his case. *In re Greiner v. City of Champlin*, 152 F.3d 787 (8th Cir. 1998) [emphasis added]; *In re Babb*, 440 B.R. 523, 525-526 (Bankr. 2010).

US Bank's Opposition to the Motion for Reconsideration asserted Debtor never provided any clear and convincing evidence specifically detailing how US Bank had committed some fraud or misrepresentation that prevented the Debtor from fully and fairly presenting his Objection to Claim, and the Bankruptcy Court agreed that no such argument was made, or clear and convincing provided by Debtor to

support grounds of fraud or misrepresentation under Rule 60(b)(3). (*See*, SER, Pgs.294-295, Lines 20-10; SER, Pg.19, Lines 3-21). Accordingly, the Bankruptcy Court applied the correct legal and factual standard in denying Debtor's Motion for Reconsideration on grounds under Rule 60(b)(3).

**d.    Relief Under Rule 60(b)(4) Judgement Is Void**

A judgement is not void merely because it is erroneous it is void only if the court that rendered the judgement lacked jurisdiction of the subject matter, the parties or the Court acted in some manner inconsistent with due process of law. *See, In re Ctr. Wholesale, Inc*., 759 F.2d 1440, 1448 (9th Cir. 1985).

Debtor asserts there was a due process violation by the Court resulting in a void Order pursuant to Rule 60(b)(4). (See, Debtor's Opening Brief, Pgs.16-26). Debtor cites to *In re Ctr. Wholesale*, in support. (*Id*. Pg.30).

US Bank objects to this argument/issue because Debtor raises this issue for the first time on <u>this</u> appeal, and never raised this issue or alleged facts in support of this issue in connection with his Motion for Reconsideration with the Bankruptcy Court, or his appeal to the U.S. District Court (See, ER, Pgs.271-290; ER, Pgs.511-600). Thus, this issue is both procedurally and jurisdictionally inappropriate as there is no factual basis for these allegations in connection with the Motion for Reconsideration, and thus, it should disregard. *See, In re Mortgage Store, Inc*. 773 F.3d 990, 998 (9th Cir. 2014).

Nonetheless, *In re Ctr. Wholesale* is clearly distinguishable from Debtor's case. Specifically, the court in *In re Ctr. Wholesale* found the bankruptcy court's order was void under Rule 60(b)(4) because the appellant/creditor did not receive adequate notice of the hearing on the appellee/debtor's request to use cash collateral so as to satisfy due process requirements in accordance with requirements under the U.S. Code as the notice arrived only 1 day prior to the bankruptcy court's hearing. *See, In re Ctr. Wholesale, supra*, 773 F.3d at 1448-1450.

In contrast, Debtor filed the Claim Objection and supporting evidence, and served notice on all parties in interest in Debtor's Bankruptcy case. (*See*, SER, Pgs.161-225; SER, Pgs.226,276-280, 282-283). US Bank timely filed its Response to the Claim Objection, and Debtor had ample time to file further evidence and his Reply to US Bank's Response to the Claim Objection. (*See*, SER, Pgs.191-239; ER, Pgs.193-244) Thus, procedurally, there was no due process violation in connection with the Claim Objection proceedings, and certainly Debtor failed to assert any in connection with the Motion for Reconsideration. (*See*, ER, Pgs.271-290; AER, Pgs.340-360) Further, Debtor provides no specific authority for the proposition that the Bankruptcy Court's rulings in connection with Claim Objection somehow violated due process. While Debtor may not have agreed with the Bankruptcy Court's rulings, a judgement is not void merely because it may be erroneous. *See, In re Ctr.*

*Wholesale, Inc*., supra, 759 F.2d at 1448. The proper course of action would have been to appeal the Claim Objection Order. Accordingly, Debtor failed to plead any substantive grounds for relief under Rule 60(b)(4), and the Bankruptcy Court never ruled on the same.

**e.** **Relief Under Rule 60(b)(6) Any Other Reason That Justifies Relief.**

Subsection (b)(6) of Rule 60 should be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where "extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment. *In re Int'l Fibercom, Inc.*, 503 F.3d 933, 940 (9th Cir. 2007). Accordingly, a party who moves for such relief "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with...the action in a proper fashion." *Id.* (citation omitted).

Debtor's Motion for Reconsideration did not expressly plead any facts or evidence demonstrating both injury and circumstances beyond his control that prevented him proceeding with the Objection to Claim. (*See*, SER, Pg. 297-298, Lines 12-25; ER, Pgs.271-290). The Bankruptcy Court found it could not tell what argument Debtor was actually making pursuant to Rule 60(b)(6) and that the arguments made in Debtor's Motion for Reconsideration more appropriately fit under subsections (b)(1), (b)(2), or (b)(3) (*See*, SER, Pg.24, Lines 12-25). Indeed, other than the two securities filings attached to Debtor's Declaration in support of the

Motion for Reconsideration, every other argument in the Motion for Reconsideration was simply a re-hashing of the arguments that were already raised, or could have been raised in connection with Debtor's Objection to Claim. (*See*, SER, Pgs.24-25, Lines 20-9, Pg.27, Lines 18-21). Thus, the Bankruptcy Court overruled Debtor's Motion for Reconsideration under Rule 60(b)(6). (*See, Id*.)

In addition, notwithstanding the fact Debtor's Motion for Reconsideration never clearly articulated how *Yvanova v. New Centry Mortgage Corp ("Yvanova"),* 62 Cal.4[th] 919 (2016) was applicable to the issues raised, the Court was aware of the case and believed *Yvanova* only pertained to a borrower's standing in connection with a post-foreclosure, but not necessarily the merits of the assertions made by the borrowers in that case. (*See*, SER, Pg.10, Lines 3-10; Pg.14. Lines 20-23; Pg.27-29, Lines 22-12).

US Bank believes Debtor's reliance on *Yvanova* for the proposition that perceived, though unsubstantiated, deficiencies in the securitization of the Note would somehow impact US Bank's standing to file a Proof of Claim a Holder of the Note and enforce the Loan as in the Bankruptcy case is both factually and legally misplaced. First, the holding in *Yvanova* addressed a specific narrow issue of a borrower's standing to challenge a post-foreclosure sale, specifically:

> **"Our ruling in this case is a narrow one**. We hold only that a borrower who has suffered a nonjudicial foreclosure does not lack standing to sue for wrongful foreclosure based on an allegedly void assignment merely because he

or she was in default on the loan and was not a party to the challenged assignment. **We do not hold or suggest that a borrower may attempt to preempt a threatened nonjudicial foreclosure by a suit questioning the foreclosing party's right to proceed. Nor do we hold or suggest that Plaintiff in this case has alleged facts showing the assignment is void or that, to the extent she has, she will be able to prove these facts. Nor, finally, in rejecting defendant's arguments on standing do we address any of the substantive elements of the wrongful foreclosure tort or the fact showing necessary to meet those elements…."**

*See, Yvanova, supra*, 62 Cal.4th at 924, 934-935, 937-938 [emphasis added];

*See, also, Saterbak v. JPMorgan Chase Bank, N.A.* (2016) 245 Cal.App.4th 808, 814-15)("Because [Plaintiff] bring a pre-foreclosure suit challenging Defendant's ability to foreclose, *Yvanova* does not alter her standing obligations").  Further, the California Supreme Court in *Yvanova* did not state what allegations would be sufficient to establish when an assignment is void as opposed to merely voidable. *Id. at 931* ("We did not include in our order the question of whether a post-closing date transfer into a New York securitized trust is void or merely voidable, and though the parties' briefs address it, we express no opinion on the question here").  Thus, *Yvanova* is distinguishable because it did not address claims in the bankruptcy context, but involved a very narrow issue involving a post-sale wrongful foreclosure action.  Further, by its own terms, *Yvanova* did not apply to a borrower seeking to preempt a threatened foreclosure.

 Second, post-*Yvanova* courts have continued to hold that purported securitization defects would merely render an assignment voidable under applicable

law and not void. *See, Saterbak, supra*, 245 Cal.App.4[th] at 815-820 ("we conclude the alleged defects [i.e. a post-closing date assignment] merely rendered MERS's assignment of the DOT to the 2007-AR7 trust voidable under New York law."); *Mendoza v. JPMorgan Chase Bank, N.A*., Cal.App.5[th] 802, 805 (2016) ("A borrower asserting a wrongful foreclosure cause of action lacked standing to challenge the assignment of the loan and deed of trust as untimely and robo-signed because such defects would render an assignment voidable, not void, under New York law and thus, subject to ratification by the trust beneficiaries"); *Yhudai v. Impact Funding Corp*., 1 Cal.App.5[th] 1252, 1259 (2016); *Rajamin v. Deutsche Bank National Trust Co.,* 757 F.3d 79, 87-90 (2nd Cir. 2014).

While Debtor did not directly discuss or reference this fact in his Motion for Reconsideration, the copy the Trust Agreement attached to Debtor's Declaration filed in support of the Motion for Reconsideration, indicates the trust is governed by New York law. (See, SER, Pgs.340-360). Thus, even assuming *arguendo* there were irregularities in the assignment of the Loan to the trust, the assignment would only be voidable under applicable law, and not void. Accordingly, Debtor's reliance on *Yvanova* and the securitization documents filed in support of the Motion for Reconsideration for the proposition that *Yvanova* provided substantive grounds under Rule 60(b)(6) to rebut the prima facie validity of US Bank's Proof of claim, or its right to enforce the Note as a Holder under California law is without merit.

Finally, Debtor's reliance on *In re Cmty. Dental Services v. Tani*, 282 F.3d 1164 (9th Cir. 2002), is similarly without merit and clearly distinguishable from the present case since Debtor's Motion for Reconsideration never alleged facts in support of the proposition under Rule 60(b) that his counsel was grossly negligent in connection with the Bankruptcy proceedings, Claim Objection proceedings, misrepresented the status of the proceedings to Debtor, nor did Debtor raise such an issue in connection with his Appeal to the U.S. District Court. (See, ER, Pgs.271-290). Debtor raises this issue for the first time on <u>this</u> appeal, and thus, it is inappropriate as there is no factual basis for these allegations in connection with the Motion for Reconsideration, and thus, this issue as it pertains to relief being sought under Rule 60(b)(6) is similarly without merit and must be disregarded. *See, In re Mortgage Store, Inc*., supra, 773 F.3d at 998.

Based upon the foregoing, the Bankruptcy Court applied the correct legal and factual standard in denying Appellant's Motion for Reconsideration on grounds under Rule 60(b)(6) because the Appellant failed plead any facts or evidence demonstrating both injury and circumstances beyond his control that prevented him proceeding with the Objection to Claim.

# VII.  CONCLUSION

For all the foregoing reasons, US Bank respectfully requests that the Court deny the instant appeal and affirm the Bankruptcy Court's decision in denying Debtor's Motion for Reconsideration of the Claim Objection Order.

Respectfully submitted,

**ALDRIDGE PITE, LLP**

Dated: June 9, 2017

/s/ *Todd S. Garan*
TODD S. GARAN (SBN 236878)
Attorneys for *Appellee* U.S. Bank National
Association, as Trustee for Lehman  XS
Trust Mortgage Pass-Through Certificates,
Series 2007-16

## **CERTIFICATE OF SERVICE**

I hereby certify that, on June 12, 2017, I electronically filed the foregoing *Appellee's Opening Brief and Appellee's Appendix* with the Clerk of the Court for the United States District Court for the Central District of California using the Court's CM/EFC system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that, on June 12, 2017, I served *Appellee's Opening Brief and Appellee's Appendix* via First Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery to the following parties:

Anthony Paul Manrique
718 Silverwood Avenue
Upland, CA 91786

United States Court for the Ninth Circuit
The James Browning Courthouse
95 7th Street
San Francisco, CA 94103

Dated:  June 12, 2017           */s/ Meliza Martinez-Meza*

**Form 8.**  **Certificate of Compliance Pursuant to 9th Circuit Rules 28-1.1(f), 29-2(c)(2) and (3), 32-1, 32-2 or 32-4 for Case Number** 16-56799

Note: This form must be signed by the attorney or unrepresented litigant *and attached to the end of the brief.*

I certify that (*check appropriate option*):

☐ This brief complies with the length limits permitted by Ninth Circuit Rule 28-1.1.
The brief is _____ words or _____ pages, excluding the portions exempted by Fed. R. App. P. 32(f), if applicable. The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6).

☒ This brief complies with the length limits permitted by Ninth Circuit Rule 32-1.
The brief is 5,507 words or 25 pages, excluding the portions exempted by Fed. R. App. P. 32(f), if applicable. The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6).

☐ This brief complies with the length limits permitted by Ninth Circuit Rule 32-2(b).
The brief is _____ words or _____ pages, excluding the portions exempted by Fed. R. App. P. 32(f), if applicable, and is filed by (1) ☐ separately represented parties; (2) ☐ a party or parties filing a single brief in response to multiple briefs; or (3) ☐ a party or parties filing a single brief in response to a longer joint brief filed under Rule 32-2(b). The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6).

☐ This brief complies with the longer length limit authorized by court order dated _____
The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6). The brief is _____ words or _____ pages, excluding the portions exempted by Fed. R. App. P. 32(f), if applicable.

☐ This brief is accompanied by a motion for leave to file a longer brief pursuant to Ninth Circuit Rule 32-2 (a) and is _____ words or _____ pages, excluding the portions exempted by Fed. R. App. P. 32 (f), if applicable. The brief's type size and type face comply with Fed. R .App. P. 32(a)(5) and (6).

☐ This brief is accompanied by a motion for leave to file a longer brief pursuant to Ninth Circuit Rule 29-2 (c)(2) or (3) and is _____ words or _____ pages, excluding the portions exempted by Fed. R. App. P. 32(f), if applicable. The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6).

☐ This brief complies with the length limits set forth at Ninth Circuit Rule 32-4.
The brief is _____ words or _____ pages, excluding the portions exempted by Fed. R. App. P. 32(f), if applicable. The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6).

Signature of Attorney or Unrepresented Litigant: /s/Todd S. Garan (CA SBN 236878)   Date: June 9, 2017

("s/" plus typed name is acceptable for electronically-filed documents)

*(Rev.12/1/16)*