No. 16-56799

_____

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

_____

ANTHONY PAUL MANRIQUE

*Debtor and Appellant*,

v.

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR LEHMAN XS
TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-16N,

*Secured Creditor and Appellee*.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION
CASE NO. 5:16-cv-00708-DOC

UNITED STATES BANKRUPTCY COURT-CENTRAL DISTRICT OF
CALIFORNIA RIVERSIDE DIVISION
CASE NO.6:15-bk-10650-SY

_____

## APPELLE'S SUPPLEMENTAL EXCERPTS OF RECORD

## VOLUME I
## (Pages 1-73)

_____

**ALDRIDGE PITE, LLP**
Todd S. Garan (SBN 236878)
4375 Jutland Drive, Suite 200
San Diego, California 92117
Phone: (858) 750-7600
Fax: (858) 590-1385

| Docket | Party | Document | Date | Page |
|--------|-------|----------|------|------|
| | | **VOLUME 1** | | |
| BK 68 | Court | Order Overruling Debtor's Objection to Claim No.3 Filed by U.S. Bank, N.A. | 11/16/2015 | Pages 1-2 |
| BK 97 | Court | Order Denying Debtor's Motion for Reconsideration of Order Overruling Debtor's Objection to Claim No.3 filed by U.S. Bank, N.A. | 04/07/2016 | Pages 3-4 2 pages |
| BK 105 | Court | Transcript of Hearing Held on 03/17/2016 on Debtor's Motion for Reconsideration of Order Overruling Debtor's Objection to Claim No.3 | 04/18/2016 | Pages 5-30 26 pages |
| DC 22 | Court | Order Denying Appeal of Bankruptcy Court Order | 11/18/2016 | Pages 31-37 7 pages |
| BK | Court | Copy of Court Docket for the U.S. Bankruptcy Court-Riverside Division (Case No: 6:15-bk-10650-SY) | 06/02/2017 | Pages 38-67 30 pages |
| DC | Court | Copy of Court Docket for the U.S. District Court-Santa Ana Division (Case No: 5:16-00708-DOC) | 06/02/2017 | Pages 68-73 6 pages. |
| | | | | [Vol.1 73 pages] |
| | | | | |
| | | | | |

1 | Matthew R. Clark (SBN 271054)
mclark@aldridgepite.com
2 | Todd S. Garan (SBN 236878)
tgaran@aldridgepite.com
3 | **ALDRIDGE PITE, LLP**
4375 Jutland Drive, Suite 200
4 | P.O. Box 17933
San Diego, CA 92177-0933
5 | Telephone: (858) 750-7600
Facsimile:  (619) 590-1385
6 |
Attorneys for *Secured Creditor*
7 | U.S. Bank National Association, as Trustee for
Lehman  XS Trust Mortgage Pass-Through
8 | Certificates, Series 2007-16N

FILED & ENTERED

NOV 16 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Mason    DEPUTY CLERK

**CHANGES MADE BY COURT**

9 | **UNITED STATES BANKRUPTCY COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

11 | In re

12 | ANTHONY PAUL MANRIQUE,

13 | Debtor.

Case No.: 6:15-bk-10650-SY

Chapter 11

**ORDER OVERRULING DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 3 FILED BY U.S. BANK NATIONAL ASSOCIATION**

**Subject Property**
718 Silverwood Avenue
Upland, California 91786

**Hearing:**
Date: October 29, 2015
Time: 1:30 PM
Judge: Honorable Scott H. Yun

21 |     U.S. Bank National Association, as Trustee for LEHMAN XS TRUST MORTGAGE

22 | PASS-THROUGH CERTIFICATES, SERIES 2007-16N ("Creditor"), by and through its counsel

23 | of record, Matthew R. Clark of Aldridge Pite, LLP, submits this order to the court. This matter,

24 | having regularly come before the court upon a scheduled hearing on Debtor's Objection to Proof

25 | of Claim No. 3 Filed by U.S. Bank National Association ("Debtor's Objection to Claim"), and the

26 | court having reviewed Debtor's Objection to Claim and the response filed by Creditor now,

27 | therefore,

28 | ///

- 1 -

SER 1

1   **IT IS ORDERED:**

2      1.  The Debtor's Objection to Claim that was filed on July 27, 2015, at docket number 45 is

3          overruled.

4                                                      ###

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   Date: November 16, 2015

27                                                Scott H. Yun
                                                 United States Bankruptcy Judge
28

- 2 -

SER 2

Matthew R. Clark (SBN 271054)
mclark@aldridgepite.com
Todd S. Garan (SBN 236878)
tgaran@aldridgepite.com
ALDRIDGE PITE, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for *Secured Creditor*
U.S. Bank National Association, as Trustee for
Lehman  XS Trust Mortgage Pass-Through
Certificates, Series 2007-16N

**FILED & ENTERED**

**APR 07 2016**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Mason     DEPUTY CLERK

**CHANGES MADE BY COURT**

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

In re:

ANTHONY PAUL MANRIQUE,

Debtor.

Case No.6:15-bk-10650-SY

Chapter 11

**ORDER DENYING DEBTOR'S
MOTION TO RECONSIDER ORDER
DENYING CLAIM OBJECTION**

**Hearing Date:**
Date:    March 17, 2016
Time:    1:30 p.m.
Place:   Courtroom 302
         3420 Twelfth Street
         Riverside, CA 92501

The above-captioned matter came on for hearing on March 17, 2016, in Courtroom 302

of the U.S. Bankruptcy Court for the Central District of California, Riverside Division located at

3420 Twelfth Street, Riverside, CA 92501, upon Debtor Anthony Paul Manrique's ("Debtor")

Motion to Reconsider Order Denying Objection to Claim (the "Motion"). Appearances are as

noted on the record.

Having reviewed the Debtor's Motion and all papers submitted and filed in support

thereof, the opposition filed by U.S. Bank National Association, as Trustee for Lehman  XS Trust

Mortgage Pass-Through Certificates, Series 2007-16N; Natiosntar Mortgage LLC as servicer,

and the testimony on the record, and good cause appearing, and for the reasons stated on the

- 1 -

SER 3

1  record,

2      **IT IS HEREBY ORDERED** that the Motion is DENIED.

3                              ###

Date: April 7, 2016

Scott H. Yun
United States Bankruptcy Judge

SER 4

CERTIFIED COPY

1               UNITED STATES BANKRUPTCY COURT

2          CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE

3                     --oOo--

4  In Re:                  )   Case No. 6:15-bk-10650-SY
                            )

5  ANTHONY PAUL MANRIQUE      )   Chapter 11
                            )

6  Debtor,               )   Riverside, California
                            )   Thursday, March 17, 2016

7  ------------------------------)   1:30 P.M.

8

9                       DEBTOR'S MOTION TO RECONSIDER
                       ORDER DENYING OBJECTION TO
                       CLAIM #3 FILED BY U.S. BANK

10                      NATIONAL ASSOCIATION

11

12                TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE SCOTT YUN
           UNITED STATES BANKRUPTCY JUDGE

13

14  APPEARANCES:

15  For Matthew Clark:      GREG CAMPBELL, ESQ.
    (*Via Telephone*)       Aldridge Pite, LLP

16                     1920 Main Street
                     Suite #760

17                     Irvine, California  92614

18  For the Debtor:        DANA M. DOUGLAS, ESQ.
                     11024 Balboa Boulevard, #431

19                     Granada Hills, California  91344

20  Court Recorder:        Cynthia Jeanmarie
                     U.S. Bankruptcy Court

21                     Central District of California
                     3420 Twelfth Street

22                     Riverside, California 92501-3819
                     (855) 460-9641

23

24

25  Proceedings produced by electronic sound recording;
  transcript produced by transcription service.

P 888.272.0022  F 818.343.7119     BENHYATT  www.benhyatt.com
Certified Deposition Reporters

```
 1   Court Transcriptionist:   Ruth Ann Hager, C.E.T.**D-641
                               Ben Hyatt Certified Deposition
 2                               Reporters
                               17835 Ventura Boulevard, Suite 310
 3                             Encino, California  91316
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```



Page                                                                    3

1          RIVERSIDE, CALIFORNIA, THURSDAY, MARCH 17, 2016

2                              1:36 P.M.

3                              --oOo--

4          THE COURT:  #2.00 on the calendar, Anthony Paul

5   Manrique.  This is the debtor's motion to reconsider order

6   denying objection to claim #3 filed by U.S. Bank.

7   Appearances, please.

8          MR. CAMPBELL:  Good afternoon, Your Honor.  This

9   is Greg Campbell on the telephone on behalf of U.S. Bank

10  and Nationstar Mortgage.

11         THE COURT:  Your name is Greg Campbell?

12         MR. CAMPBELL:  Correct.  Appearing for Matthew

13  Clark.

14         THE COURT:  Okay.  Mr. Manrique, can you come

15  forward?  State your name.

16         MR. MANRIQUE:  My name is Anthony Paul Manrique

17  and we're just waiting for our attorney.  She's right

18  around the corner, I guess.

19         THE COURT:  Okay.  So Ms. Douglas is not here.

20  Not yet, and she's on the way.

21         MR. CAMPBELL:  Yeah.  She's out the door I guess

22  with the Court.

23         THE COURT:  Okay.  Mr. Campbell, Ms. Douglas is

24  not here yet but I think she's on the way, so we're going

25  to take a little break.  We're going to go off the record

Page                                                                    4

1   and then we'll reconvene when Ms. Douglas gets here.  All

2   right.  So hang on --

3           MR. CAMPBELL:  No problem.  Thank you, Your

4   Honor.

5           THE COURT:  Okay.  All right.  So we're going to

6   go off the record for a few minutes and we'll be -- we'll

7   come back on matter #2.00 when Ms. Douglas gets here.

8           MR. MANRIQUE:  Thank you.

9           (Off the record.)

10          THE CLERK:  Please be seated and come to order.

11  The court is again in session.

12          THE COURT:  Good afternoon.  We're back on the

13  record.  Court's 1:30 p.m. calendar on March 17th, #2.00,

14  Anthony Paul Manrique.

15          MS. DOUGLAS:  Good afternoon.

16          THE COURT:  Am I pronouncing right at this time?

17          MS. DOUGLAS:  Yes.

18          THE COURT:  This is debtor's motion to reconsider

19  order denying rejection to claim.

20          MS. DOUGLAS:  Yes, Your Honor.  Thank you very

21  much.  Dana M. Douglas for the debtor.

22          THE COURT:  Good afternoon.

23          On the phone?

24          MR. MANRIQUE:  Good afternoon, Your Honor.  Greg

25  Campbell on behalf of U.S. Bank and Nationstar Mortgage.

Page                                                                    5

1           THE COURT:  Good afternoon.  So my general

2    tentative ruling is to deny, but I want to hear what both

3    parties have to say, so this is your client's motion, so

4    Ms. Douglas, go ahead.

5           MS. DOUGLAS:  Your Honor, I appreciate that.

6    Even after the last hearing my sense was that your intent

7    was to deny the motion.  But what the debtor is trying to

8    assert here is that there are sufficient deficiencies in

9    the pedigree of this loan.  And while ordinarily what the

10   showing may have been sufficient to say, yes, there's a

11   claim here and at the moment they feel they hold it, we're

12   not convinced that that's the case and the debtor would

13   like to pursue that issue.

14          THE COURT:  Okay.  I will at length go over my

15   ruling eventually, but is there anything else that you wish

16   to state now or --

17          MS. DOUGLAS:  No, we had asked the Court to take

18   judicial notice just of the recent ruling in regard to *Eva*

19   *Nova* (phonetic) because at the time of the last hearing my

20   general sense of one of your issues with this objection to

21   claim was whether the debtor had standing to make such an

22   objection.  And I think that the *Eva Nova* decision does

23   address that particular issue.  While he's not complaining

24   about a foreclosure sale that has already occurred, his

25   deficiencies that he's observed in the mortgage tracks

Page                                                                    6

1  somewhat the deficiencies of *Eva Nova* and for that reason

2  we would like to have it given for the consideration.

3         THE COURT:  And I'm aware of the case.  I read it

4  when it first came out.  And I don't think anyone is

5  challenging the debtor's right to -- initially to have

6  objected to this claim, which happened in November or -- I

7  don't think anyone is challenging now that the debtor has

8  the right to bring this motion for reconsideration.  The

9  California Supreme Court decision only goes to standing.

10        MS. DOUGLAS:  Yes.

11        THE COURT:  And I agree debtor inside of

12 bankruptcy/outside of bankruptcy as a borrower has standing

13 to raise those issues.  You know, I have other issues with

14 respect to this motion, but why don't I hear from

15 Mr. Campbell first?

16        MR. CAMPBELL:  Thank you, Your Honor.  As stated

17 in our opposition, the motion to reconsider raises the same

18 argument, the same evidentiary objections that were either

19 raised in the prior hearing or could have been raised at

20 the prior hearing.  The debtor thought the court had

21 committed a legal error or mistake in overruling the

22 objection to claim.  The debtor should have filed the

23 timely appeal.  Rather, the debtor chose to file a motion

24 under Rule 60(b) which has its own set of rules and, as we

25 stated in our opposition, this evidence really isn't new.

Page                                                              7

1  That evidence was available prior to the hearing when it

2  was available prior to the bankruptcy even filed.  The two

3  documents the debtor attached were available and the debtor

4  failed to claim why absent due diligence to only

5  discover -- be able to discover them now.

6          We disagree the evidence is such a magnitude that

7  it would change this court's ruling.

8          THE COURT:  Um-hum.

9          MR. CAMPBELL:  The creditor has already

10 established that the party is entitled to force the note

11 under state law and we obtained a proof of claim.

12         THE COURT:  Okay.  Anything else, Mr. Campbell?

13         MR. CAMPBELL:  I would add that with respect to

14 allegations regarding misrepresentation or fraud the

15 debtor's motion failed to complete any elements of fraud.

16         THE COURT:  Okay.  Ms. Douglas, anything else?

17         MS. DOUGLAS:  No, Your Honor.  I don't have

18 anything new --

19         THE COURT:  Okay.

20         MS. DOUGLAS:  -- that I can offer.

21         THE COURT:  Okay.  So my tentative is to deny

22 this motion and, you know, I'm going to stick with the

23 tentative for a variety of reasons, both procedurally and

24 also substantively and -- so bear with me here.  I didn't

25 write this down in any coherent notes, so I'm just going to

Page                                                                    8

1   sort of go through this one at a time.

2           One, overall I am a little bit confused and sort

3   of disappointed.  Ms. Douglas, I know you are -- you -- I

4   have not met you before, before I became a judge, but I do

5   know you from other concerns.  You're a lawyer.  You have

6   been an outstanding consumer debtor (phonetic) lawyer in

7   southern -- in the Central District of California for many

8   years.

9           As I read the debtor's motion, I am very confused

10  and disappointed in the quality of the work.  You don't

11  have to answer this, but I always get the sense that you

12  didn't write it; Mr. Manrique wrote it because there are

13  parts of this motion that is incomprehensible, does not

14  make sense.  It doesn't even tell me what the argument is.

15  It just sort of rambles on and abruptly stops and moves on

16  to another argument.

17          So one of the things that I am doing as part of

18  this ruling is -- and I shouldn't have to do this because

19  Mr. Manrique is represented by counsel -- when you have *pro*

20  *se* debtors oftentimes courts very liberally construe

21  arguments and pleadings by *pro se* debtors.  I really

22  shouldn't have to do that here because the debtor is

23  represented by a very experienced counsel.  But in order

24  for me to really fully vet the debtor's motion and the

25  opposition I really feel like I have to read things

Page                                                                    9

1    liberally and broadly because a lot of the arguments don't

2    make any sense to me.  But with that, I'm going to give you

3    my ruling one by one.

4              I just right off the bat, the only section of

5    Rule 60(b) that the debtor really cites to is Rule 60(b)(6)

6    which is sort of the catch-all provision, rather than

7    specific sections that precedes (b)(6).  And -- but yet

8    debtor does go on and make arguments that appears to fall

9    within other subsections.

10             So just on that basis I -- some judges may just

11   deny this because the debtor's motion did not specifically

12   cite to the appropriate ruling under 60(b).  But once

13   again, reading the debtor's motion very broadly and

14   substantively I would still deny this motion.  First, if I

15   treat it, this says a motion for reconsideration under Rule

16   60(b)(2) you need new discovery evidence.  Newly discovered

17   evidence has to be new that did not exist or the debtor was

18   not aware of it, that could not have found it with

19   reasonable diligence within the time that the debtor could

20   have filed a motion for a new chil -- Rule 59(b).

21             As I look at these documents, the voluminous

22   documents that the debtor has filed, these are Form AK's

23   filed with the Securities and Exchange Commission, these

24   documents are dated year 2007.  And I'm well aware of the

25   fact that the Securities and Exchange Commission has a

Page                                                                    10

1   website EDGAR.  It's free.  You don't even have to pay any
2   money, unlike PACER.  These documents were available since
3   2007, so it's really hard for me to believe that the debtor
4   could not have discovered these documents -- could not have
5   discovered these documents with reasonable due diligence
6   within the time period required under -- for -- to move for
7   a new trial under Rule 59(b).
8           But even if -- and that's not true.  As I look at
9   these Form AK's that the debtor has submitted as Exhibit A
10  and B and reading the debtor's argument, the argument
11  doesn't make any sense.  The debtor just -- debtor really
12  doesn't tell me why these documents are important or why it
13  would have altered the outcome.  Debtor just sort of refers
14  to various sections of the AKs in Exhibit A and B and it
15  goes -- and I think specifically debtor emphasizes that the
16  cutoff date for the Securities agent was sometime in
17  August.  One is August 1, 2007; another one is August 31,
18  2007.  When I look at the promissory note that we have
19  here, it's dated June 2007.
20          I think the argument that is being raised in
21  state court that the California Supreme Court only ruled on
22  the standing issue, not on the substantive issue, the
23  merit.  The argument could be that by the mortgage
24  securities agent's own documents, the securitization closed
25  on August 1, 2007, and if the promissory notes are dated

Page                                                              11

1   after August 1, 2007 by their own documents, this

2   promissory note could not have been part of the

3   securitization.

4          But here, the promissory note is June 2007.  It

5   predates the closing of the securitization.  So -- and the

6   debtor never really says why I should look at these

7   arguments.  So once again, I'm reading these very broadly

8   and trying to come up with argument that the debtor didn't

9   really say in the motion.  But if that's the argument, the

10  debtor fails, too.  Even if these are newly discovered

11  evidence that the debtor could not have gained access to

12  with reasonable due diligence, on the substance this

13  doesn't make any sense.  So I --

14          MS. DOUGLAS:  The debtor's argument is that --

15          THE COURT:  And -- um-hum.

16          MS. DOUGLAS:  -- they weren't transferred to the

17  entity until the period closed -- had already closed.

18          THE COURT:  Well --

19          MS. DOUGLAS:  And that's why they don't.

20          THE COURT:  Um-hum.

21          MS. DOUGLAS:  That's why the claim fails.

22          THE COURT:  Right.  But if that's the argument

23  the motion doesn't say it.  And there's no other evidence

24  that the debtor has presented as part of this motion for

25  reconsideration to show me, even though the promissory note

Page                                                                12

1   is dated June 2007, when it was acquired.

2        MS. DOUGLAS:  The problem is that we had reviewed

3   that information in the objection itself showing that the

4   transfers and the assignments didn't occur until well after

5   that time.

6        THE COURT:  Once again, substantively the debtor

7   is wrong.  The deed of trust was not assigned until a later

8   date, but the promissory note could have been.  And I don't

9   know today sitting here right now before August 1, 2007

10  whether or not this promissory note was transferred into

11  the securitization.  I don't know that.  It is the debtor's

12  burden to prove to me it was or was not transferred to the

13  securitization.  Debtor -- there's no evidence here

14  whatsoever neither in the objection to claim or today in

15  the motion for reconsideration to show me whether or not in

16  that promissory note -- this promissory note was

17  transferred to the securitization trust.  Only thing the

18  debtor is arguing is the assignment of the deed of trust

19  and that's just different.

20        MS. DOUGLAS:  The problem is that there is no

21  evidence that the note ever transferred to the entity that

22  claims it.  That is the problem.

23        THE COURT:  Well, that is the debtor's problem

24  but it's not my problem or U.S. Bank's problem.  The proof

25  of claim has proven facia valid, so there is a presumption

Page                                                              13

1   of validity.  It is the debtor's burden to prove to me why

2   it -- it's not valid.  Debtor can't just say because

3   there's no evidence the securitization acquired this

4   promissory note before August 1, 2007, it's not valid.

5   That's not how this works.  The debtor has to have evidence

6   to rebut the presumption in the proof of claim that U.S.

7   Bank has the right to assert a claim, that it is the

8   beneficiary, and this note was properly acquired by the

9   securitization trust.

10          You know, debtor has to show me something, some

11  evidence to indicate the promissory note was not

12  transferred by the closing of the securitization or that

13  some other lender today is asking the debtor to pay money.

14  And I have seen no evidence of that either in connection

15  with the objection to claim or in connection with this

16  motion for reconsideration.  I've said this over and over

17  again.  If the debtor can show me invoices from someone

18  else asking him, pay your mortgage to me rather than U.S.

19  Bank or Nationstar as a servicer --

20          MS. DOUGLAS:  You have said that.  I agree.

21          THE COURT:  -- I would be very happy to consider

22  the debtor's argument, but there's nothing here.  So o

23  procedurally under Rule 60(b)(2) I don't think these are

24  newly discovered evidence.  I think these documents existed

25  as of 2007.  They are publicly available for free on the

Page                                                            14

1  Securities and Exchange Commission's website, so they're
2  not newly discovered evidence.
3         And also, substantively even if I would consider
4  it, you know, they're not newly discovered.  I don't think
5  the debtor exercised due diligence in discovering this and
6  the newly discovered evidence must be of such magnitude
7  that production of it earlier would have likely changed the
8  outcome.  It would not have changed the outcome.  Even if I
9  saw these documents from the very beginning on the
10 objection to claim hearing, I -- my decision would not
11 change because these documents don't say anything to me
12 other than the closing date was August 1, 2007.  The other
13 one was August 31, 2007.  Promissory note is dated June
14 2007.
15        MS. DOUGLAS:  The debtor is asking your
16 permission to speak to you.
17        THE COURT:  No.
18        MS. DOUGLAS:  On the record.
19        THE COURT:  No.
20        MS. DOUGLAS:  May I have -- may I have a moment?
21        THE COURT:  Well, I -- no, I'm giving my ruling.
22        MS. DOUGLAS:  Okay.
23        THE COURT:  And then you'll have an opportunity
24 to speak.
25        MS. DOUGLAS:  Okay.

Page                                                                    15

1          THE COURT:  So I'm denying this both procedurally

2   and substantively under Rule 60(b)(2).

3          On 60(b)(3), misrepresentation by the opposing

4   party, here once again the debtor really doesn't say there

5   is grounds to reconsider my original ruling based on

6   misrepresentation by the creditor.  Once again, I have to

7   read this motion very broadly and I have to sort of

8   formulate an argument for the debtor.  And I guess what the

9   debtor is arguing is that U.S. Bank should have disclosed

10  these AKs as part of the proof of claim, that failing to do

11  so is fraud or misrepresentation.

12         Well, one, there is no requirement.  U.S. Bank

13  had to attach these documents to the proof of claim.  Rule

14  3001 specifies what a secured creditor with a claim against

15  a debtor's principal residence has to provide in its proof

16  of claim and here U.S. Bank or Nationstar as its servicer

17  met all the requirements, provided all the documents

18  necessary to support its claim.

19         So failing to attach these AKs was not a fraud

20  upon the Court --

21         MS. DOUGLAS:  Right.

22         THE COURT:  -- because there was no requirement

23  to attach them.  60 -- so I'm overruling -- denying the

24  debtor's motion to 60(b)(3).

25         I can also maybe think debtor is asking for

Page                                                                16

1   reconsideration under Rule 60(b) inadvertent mistake.  Once

2   again, debtor doesn't say this is what the debtor is asking

3   for, never cites Rule 60(b)91), so I'm once again going to

4   go out of my way, broadly interpret and read the debtor's

5   motion that there might have been some confusion or mistake

6   or that the Court made a mistake.  But the problem with

7   this argument, 60(b)(1), there was no technical mistake,

8   there was no error in the ruling.  The order denying the

9   objection to claim was exactly what I ordered.  There was

10  no error by the Court, there was no error by the clerk's

11  office.  I guess the debtor is arguing that the original

12  ruling was so bad that I erred that that's grounds for

13  motion for reconsideration.

14         Well, there's a problem with that.  If that was

15  the debtor's position, Mr. Manrique should have just filed

16  an appeal.  The deadline to appeal is gone now.  Filing

17  this motion does not reopen the deadline to appeal, does

18  not extend or toll the deadline to appeal.  That's gone.

19  That order is now final.  The arguments that the debtor

20  seems to be raising in his motion for reconsideration he

21  should have raised it in an appeal and, you know, frankly,

22  you know, I don't think there was any mistake.  And for

23  example, I think debtor still disagrees with me that this

24  variable note is a negotiable instrument.

25         MS. DOUGLAS:  That is true.



Page                                                                    17

1          THE COURT:  I am not persuaded that I was wrong;

2    that I'm still right.  I believe I'm right.  If you think

3    I'm wrong, you should have appealed.  You didn't.  Now you

4    lost that opportunity to ask the District Court or the BAP

5    to determine whether I was wrong.  I think the debtor is

6    upset about some evidentiary objections that I ruled upon

7    at the initial hearing on the objection to claim.  Once

8    again, I ruled on those evidentiary objections.  If the

9    debtor thought I was wrong, the proper course of action

10   should have been to appeal those rulings.  Now the deadline

11   to appeal has lapsed and now you're stuck with my

12   evidentiary rulings.

13          But in any event, I don't think I'm wrong on

14   those evidentiary rulings anyway.  I mean, Mr. Manrique I

15   think is slightly confused about what I ruled on and he

16   thinks I ruled that the promissory note was itself a self-

17   authenticating document.  That was not my ruling.  I ruled

18   that the deed of trust and the assignment of deed of

19   trust --

20          MS. DOUGLAS:  It was out understanding --

21          THE COURT:  -- were --

22          MS. DOUGLAS:  -- that you had ruled that the note

23   was a transferrable document and because of the variability

24   and the fact that the full amount owed by its own admission

25   is not known and well changed, that's what --

Page                                                          18

1          THE COURT:  That's not an evidentiary ruling.

2  That was just a ruling --

3          MS. DOUGLAS:  No, that is correct.

4          THE COURT:  -- on --

5          MS. DOUGLAS:  That was just a ruling.

6          THE COURT:  -- the law of negotiable instruments

7  under California law.  What I did rule based on the

8  evidentiary objection was the assignment of deed of trust

9  and the deed of trust.  I think the debtor filed that

10 evidentiary objection on U.S. Bank's client's declaration

11 which had attached assignment of deed of trust evidencing

12 that U.S. Bank is now the proper party in interest to

13 assert this claim.  And then my view is, one, I overruled

14 the evidentiary objection as to the declaration

15 authenticating it because I found that declaration to be a

16 declaration that's admissible by a custodian of record.

17          But in any event, the assignment of deed of trust

18 as a publicly-recorded document under California law is

19 itself a self-authenticating document and even if the

20 declaration would be stricken, which I didn't do, that I

21 could just look at the assignment of deed of trust itself

22 as a publicly-recorded document and take judicial notice of

23 that.

24          Debtor, once again, raised some other evidentiary

25 objections in connection with the motion for

Page                                                                    19

1   reconsideration -- I mean, not raise it but rehash some of
2   the arguments and, like I said, that train has already left
3   the station.  I already ruled on that evidentiary objection
4   and it's too late.  That hearing will -- was in November.
5   I ruled we're moving on.  I'm not ruling on these
6   evidentiary objections again.  Either one way or another,
7   they are immaterial for purposes of the motion for
8   reconsideration today.  But as I reviewed these evidentiary
9   objections, I -- you know, if I have to rule on it today,
10  if today was a hearing in the objection to claim, I would
11  overrule most of that just because the debtor disputes
12  certain allegations in a declaration does not make it
13  inadmissible.  Just because debtor says it's incompetent or
14  there's, you know, lack of foundation, I have no idea
15  how -- why or how Mr. Manrique would know whether or not
16  this declaration has personal knowledge or is not the right
17  person to testify.  How would he know?
18           There's no deposition transcript showing me that
19  Mr. Manrique had an opportunity to depose the declarant and
20  there's some evidentiary support or factual support that
21  would support his claim that declarant is not the right
22  person to declare it, that there is lack of foundation, the
23  person doesn't have knowledge.  Just because he disagreed
24  doesn't make it so.  If there was a deposition of U.S.
25  Bank's declarants showing that this declarant really didn't

Page                                                                    20

1  know anything, had not reviewed the files and was not

2  actually the right person to make the declaration, maybe

3  there was some credibility in that argument, but in any

4  event, that doesn't -- that's not the case here.

5           And finally, Rule 60(b)(6), that's really the

6  only -- technically the only thing that the debtor argued

7  that any other reason that justified relief.  The problem

8  is the Ninth Circuit has interpreted Rule 60(b)(6) as being

9  a completely different argument than the preceding

10 subsection under Rule 60(b).

11          So it has to be something different, independent

12 basis or a motion for reconsideration, not inadvertence or

13 mistake, not newly discovered evidence, not

14 misrepresentation by opposing side.  I just don't know what

15 other argument that the debtor is making here.  But if

16 debtor under Rule 60(b)(6) is raising all of the other

17 arguments that I've already gone through, which I think fit

18 better under 60(b)(2), 60(b)(3), 60(b)(1), that my ruling

19 would be the same.

20          I don't think there is any basis for a motion for

21 reconsideration here.  But, you know, really the thing that

22 troubled me the most about this motion is the fact that

23 other than the two AKs that are attached as Exhibit A and B

24 to Mr. Manrique's declaration in support of the motion for

25 reconsideration, every other argument in the motion for

Page                                                                    21

1   reconsideration are really rehashing the argument that were

2   raised or should have been raised in connection with the

3   original objection to claim.  I've already ruled on it.

4   Don't like it.  You disagree with it.  You should have

5   appealed it.  There is no appeal.  The deadline to appeal

6   has lapsed, so there's -- I don't know if there's anything

7   more that I can say about that today other than the fact

8   that a motion for reconsideration is an improper procedure

9   to try to preserve issues for appeal.

10          So that's sort of my ruling.  I'm going to deny

11  this motion.  And as I've said several times, I see this

12  types of argument by debtors all the time.  And I just told

13  the debtor yesterday she had missed 101 payments.  She was

14  fighting a motion for relief from stay and she raised the

15  same arguments almost identical to this.  "I don't know who

16  this lender is.  I borrowed money from Countrywide.  I

17  understand Countrywide became B of A.  I have no idea who

18  this servicer is and we don't think this trust is a valid

19  entity that can hold promissory notes," a lot of the same

20  arguments that I share -- that I'm hearing from Mr.

21  Manrique today and I heard in connection with the objection

22  to claim.

23          I told her and I told Mr. Manrique before, if

24  U.S. Bank is not the lender, who is it?  If you don't know

25  who the lender is and no one else is asking for payment,

Page                                                          22

1    why do you believe U.S. Bank is not the lender?  I don't

2    know.  I don't know the answer to that question, but I'm

3    always, you know, sort of -- I always ask this question to

4    the debtors.  The debtors don't know either.  The debtors

5    don't know the answer to that either.

6             MS. DOUGLAS:  He actually has very, very definite

7    reasons why he doesn't believe that they -- it belongs to

8    them.  And if you would give me just one quick --

9             THE COURT:  Sure.  Go ahead.

10            MS. DOUGLAS:  -- moment to --

11            THE COURT:  Sure.  Go right ahead.

12            (Pause)

13            All right.  Ms. Douglas, let's go ahead.

14            MS. DOUGLAS:  I apologize, Your Honor.  The

15   issue, quite frankly, is that although I haven't seen them,

16   the debtor has evidenced that the note that the SEC

17   received is not endorsed, whereas Countrywide or -- yes,

18   Countrywide has produced a note that is endorsed.

19   Countrywide is gone.  He's apparently had numerous

20   conversations with the SEC regarding the trust.  The

21   problem is that evidence is not here.  And I don't know a

22   mechanism to get it here at this point.

23            THE COURT:  There's nothing that I can do or

24   Mr. Manrique can do or U.S. Bank can do about that.  All

25   I'm doing -- in fact, in my ruling on the objection to

Page                                                                    23

1    claim and my ruling on today's motion for reconsideration

2    is not a legal determination that U.S. Bank is the lender

3    or that U.S. Bank, all of the transfers that took place,

4    that gave U.S. Bank the right to file a proof of claim here

5    and assert itself as a creditor -- a secured creditor in

6    this case, I'm not making any legal determination that what

7    they did is correct.  I'm just saying as -- for purposes of

8    this bankruptcy that U.S. Bank has -- that proof of claim

9    has a presumption of validity at the objection to claim

10   hearing debtor did not produce sufficient evidence to

11   really shift the burden back to the U.S. Bank, which is why

12   I denied the objection to claim.  And today I'm for the

13   most part denying this motion for reconsideration on

14   procedural grounds, that this is improper, that under Rule

15   6(b) this motion does not meet any of the requirements.  I

16   don't think it's timely under (6)(b).  Doesn't meet any of

17   the other -- the subsections under (b).

18            Rule 60(b), that gives the debtor the right for a

19   motion for reconsideration.  A lot of the arguments are

20   just rehashing of the arguments that were already raised

21   and I ruled upon in the objection to claim.  And I think

22   the type of argument that the debtor is raising are exactly

23   the type of argument that is in the California Supreme

24   Court case that has been remanded back to trial court that

25   they are going to litigate.

Page                                                                    24

1          MS. DOUGLAS:  Yes.

2          THE COURT:  And it could very well be that the

3    borrower in that case may prevail and if the borrower in

4    that case prevails, it may open a new avenue for borrowers

5    to pursue that type of litigation.  But until that happens,

6    the existing state of law in California on this type of

7    dispute does not look favorable to the debtor.  But, you

8    know, my ruling on the motion -- denying the motion for

9    reconsideration today is not an adjudication of the

10   underlying merits, the debtor's argument.  And if the

11   debtor is correct -- and, in fact, you know, in that case I

12   forget -- Ivanhoe?

13         MS. DOUGLAS:  *Eva Nova*.

14         THE COURT:  *Eva Nova*.  The debtor was already

15   foreclosed.

16         MS. DOUGLAS:  Yes.

17         THE COURT:  The debtor -- the borrower in that

18   case is suing for wrongful foreclosure.

19         MS. DOUGLAS:  Right.

20         THE COURT:  So even after you lose your house you

21   have a legal right to litigate.  Here, you know,

22   Mr. Manrique can propose a plan, pay U.S. Bank.  Ultimately

23   if *Eva Nova* case opens an avenue that allows him and other

24   borrowers to sue their lenders for improperly collecting

25   mortgage payments or foreclosing he can't because --

Page                                                          25

1           MS. DOUGLAS:  I know that.  This is not --

2           THE COURT:  Right.  This is not --

3           MS. DOUGLAS:  -- defeating that.  It's just a

4    claim --

5           THE COURT:  Right.

6           MS. DOUGLAS:  -- in the bankruptcy.

7           THE COURT:  Right.  Mr. Manrique has his rights

8    and, you know, rather than pursuing his claim here before a

9    bankruptcy judge on what mostly is a state court claim,

10   there Mr. Manrique can sue in Superior Court or maybe wait

11   for *Eva Nova* case to go to trial in state court and see how

12   things turn out.

13          MS. DOUGLAS:  Exactly.

14          THE COURT:  So I'm not a lawyer anymore.  I can't

15   advise Mr. Manrique, but for today I'm just denying his

16   motion for reconsideration.  I'm not ruling that U.S. Bank

17   did everything right or properly.  I'm not foreclosing the

18   debtor's rights to challenge this in some other way or

19   venue.  He just can't litigate this in the context of an

20   objection to claim.

21          MS. DOUGLAS:  And I --

22          THE COURT:  And it's not before me.

23          MS. DOUGLAS:  And I appreciate that clarity, Your

24   Honor.

25          THE COURT:  Sure.  So the motion is denied.



Page                                                                26

1           Mr. Campbell, if you can just prepare a very

2    quick order.

3           MR. CAMPBELL:  No problem, Your Honor.  Thank

4    you.

5           THE COURT:  Okay.  All right.  Anything else for

6    today?

7           MS. DOUGLAS:  No, Your Honor.  We have the status

8    conference coming up, then a plan due to be filed in about

9    40 days, so we have plenty ahead of us.

10          THE COURT:  Sure.  Great.  All right.  That

11   concludes the Court's 1:30 p.m. calendar.  We can go off

12   the record.

13          MS. DOUGLAS:  Thank you, Your Honor.

14   (End at 2:27 p.m.)

15                        * * * * * * *

16          I certify that the foregoing is a correct

17   transcript from the electronic sound recording of the

18   proceedings in the above-entitled matter.

19

20

21   _____        Date:  4/18/2016

22   RUTH ANN HAGER, C.E.T.**D-641

23

24

25

O

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| **IN RE ANTHONY PAUL MANRIQUE** | **Case No.: ED CV 16-0708-DOC**<br><br><br>**ORDER DENYING APPEAL OF BANRUPTCY COURT'S ORDERS** |

SER 31

Before the Court is Anthony Paul Manrique's ("Manrique" or "Appellant") Appeal of the Bankruptcy Court's Order Overruling Debtor's Objection to Proof of Claim No. 3 Filed by U.S. Bank National Association and the Bankruptcy Court's Order Denying Debtor's Motion to Reconsider Order Denying Claim Objection (Dkt. 1). Pursuant to Bankruptcy Rule 8019, the Court heard oral argument on November 16, 2016. The Court DENIES the Appeal.

## I.     BACKGROUND

On June 27, 2007, Appellant and Alisa Arlene Manrique obtained a loan ("Loan") in the principal amount of $388,000.00 from Country Wide Loan, Inc. Opening Br. Appendix ("Op'n. Br. App'x") (Dkt. 14) at 80.[1] On January 26, 2015, Manrique filed for voluntary Chapter 11. Opening Br. App'x, Ex. 1. On March 6, 2015, U.S. Bank National Association ("U.S. Bank" or "Appellee") filed a proof of claim. Reply Brief, Ex. A. In that Proof of Claim, U.S. Bank made a claim for $492,647.50 against the bankruptcy estate. *See id.* As part of the Proof of Claim, U.S. Bank provided documentation to show that the deed of trust for the Loan had been transferred to them. *See id.* at 41–42.

On July 27, 2015, Manrique filed Objection to Proof of Claim No. 3 Filed by U.S. Bank National Association ("Objection"). *Id.* at 45. As relevant here, Manrique argued that (1) the proof of claim stated U.S. Bank was entitled to payments that Manrique had already made; (2) U.S. Bank failed to "provide a requested accounting of the life of the loan that would enable Debtor to be certain of the amounts claimed as principal and interest on the loan;" and (3) U.S. Bank failed to establish conclusively who actually owned the note and deed of trust. *Id.* at 46.

U.S. Bank filed their Response to Manrique's objections on September 23, 2015. Op'n. Br. App'x at 110. Manrique filed his Reply to U.S. Bank's Response on October 15, 2015. *Id.* at 172. On October 29, 2015, the Bankruptcy Court held a hearing on Manrique's Objection, *id.* at 273, and on November 16, 2015 the Bankruptcy Court entered an Order Overruling it, *id.* at 269.

---

[1] Appellant filed "Exhibits." However, through no fault of Appellant's, it is difficult to locate each exhibit as many of the documents have been marked as exhibits previously and contain numerous exhibits themselves. For ease of reference, the Court will refer to Exhibits to the Opening Brief as an Appendix and will use the Bates numbers in the lower right hand corner as the page numbers wherever possible. In some instances, the Court will refer to Exhibits because the pages are unnumbered.

SER 32

On January 15, 2016, Appellant filed a Motion for Reconsideration of the Court's Order Overruling Manrique's Objection. *Id.* at 285. In that Motion, Manrique argued primarily that U.S. Bank had failed to prove that they owned the Deed of Trust.

On March 3, 2016, U.S. Bank filed its Opposition to the Motion for Reconsideration. *Id.* at 1735. On March 15, 2016, Manrique filed a Request for Judicial Notice in Support of the Motion for Reconsideration, attaching a California Supreme Court case, *Yvanova v. New Century Mortgage Corporation*, 62 Cal. 4th 919 (2016). *Id.* at 1778–1810. U.S. Bank objected to the Request for Judicial Notice on the grounds that the filing was late, and that *Yvanova* was irrelevant to the arguments raised in Manrique's Request for Judicial Notice. *Id.* at 1815–16. On April 7, 2016, the Bankruptcy Court denied Appellant's Motion for Reconsideration. *Id.* at 1824–25.

On April 14, 2016, Manrique appealed the Bankruptcy Court's Order Overruling Debtor's Objection to Proof of Claim No. 3 Filed by U.S. Bank National Association and the Bankruptcy Court's Order Denying Debtor's Motion to Reconsider Order Denying Claim Objection to this Court. Notice of Appeal (Dkt. 1). Appellant filed his Opening Brief on July 13, 2016 (Dkt. 14). Appellee filed its Reply Brief on September 12, 2016 (Dkt. 18). Appellant's Reply was due on or before September 26, 2016. *See* Fed. R. Bankr. P. 8018. No Reply was forthcoming from Appellant.

## II.   LEGAL STANDARD

"A bankruptcy court's denial of a motion for reconsideration is reviewed for an abuse of discretion." *In re Negrete*, 183 B.R. 195, 197 (B.A.P. 9th Cir. 1995), *aff'd,* 103 F.3d 139 (9th Cir. 1996). In the Ninth Circuit, there is a two part test to determine whether a court abused its discretion. *United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009); *see also In re Marciano,* 459 B.R. 27, 34 (B.A.P. 9th Cir. 2011), *aff'd,* 708 F.3d 1123 (9th Cir. 2013) (applying the two part test to determine if a bankruptcy court abused its discretion). First, an appellate court looks to determine if the lower court applied the correct legal standard. *See Hinkson*, 585 F.3d at 1261–62. Second, the appellate court determines if the application of the legal standard was "(1) 'illogical,' (2) 'implausible,' or (3) without 'support in inferences that

SER 33

may be drawn from the facts in the record.'" *Id.* at 1292 (citing *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 577 (1985)).

## III.    DISCUSSION

As an initial matter, the Court notes that Manrique's appeal of the Bankruptcy Court's Order Denying the Claim Objection is time-barred. All appeals of Bankruptcy orders must be filed within fourteen days of their issuance. Fed. R. Bankr. P. 8002(a)(1). The Order Denying Claim Objection was issued in 2015, and Appellant did not file his notice of appeal until April 2016. Appellants appeal is not timely. Although initially technically represented by an attorney, the Court believes Appellant has large had to represent himself. The Court appreciates it is difficult to navigate the bankruptcy rules of procedure without good advice from counsel. However, "[t]he provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order." *In re Mouradick*, 13 F.3d 326, 327 (9th Cir. 1994). Therefore, the Court cannot review the Order Denying the Claim Objection and will review only the Bankruptcy Court's Order Denying the Motion for Reconsideration.

A motion for reconsideration in the bankruptcy context is construed as a motion for relief from a judgment or order under Federal Rule of Civil Procedure Rule 60. *In re Negrete*, 183 B.R. at 197. Rule 60(b) reads:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

SER 34

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

In his Motion for Reconsideration, Manrique contended (1) that the Loan note was not a negotiable instrument; (2) that the Bankruptcy Court considered evidence that was not properly admissible; (3) the Bankruptcy Court improperly took judicial notice of documents; and (4) U.S. Bank failed to show that it was owed the debt, and therefore should not be able to seek to collect the debt. *Id.* at 285–301. Manrique also sought to introduce additional documents to support his arguments.

Although at the time of the Motion for Reconsideration Manrique was nominally represented by counsel, the bankruptcy court read the Motion with the same kind of liberality used in reading *pro se* filings. Op'n. Br. App'x at 1850. The bankruptcy court noted that Manrique cited only Rule 60(b)(6) in his Motion, but the court considered arguments that Manrique might have intended to raise with respect to 60(b)(1), (2), and (3) as well.

As to any Rule 60(b)(1) argument that there was some sort of "mistake, inadvertence, surprise, or excusable neglect," the court found Manrique had failed to identify any mistake. *Id.* at 1858. Further, the Court found that to the extent Manrique was asserting generally that the court's decision was flawed, the proper avenue for relief was an appeal, not motion for reconsideration filed months later. *Id. See also In re Negrete*, 183 B.R. at 198 (upholding a denial of a motion for reconsideration where the appellant merely challenged the substance of the original ruling.).

Manrique sought to introduce two documents filed with the Securities and Exchange Commission. The court found that under 60(b)(2) this evidence was not "newly discovered evidence that, with reasonable diligence, could not have been discovered" before the filing of the original Objection. *Id.* at 1853. These documents had been freely accessible to the public for many years, and the court determined Manrique should reasonably have known about them at

SER 35

the time of the Objection. *Id.* Further, the court found that Manrique had not explained how the documents would affect the court's ruling. Manrique made no argument to explain why he had been unable to unearth these documents before then. *See id.* at 290–93.

The court found that under Rule 60(b)(3), Manrique had failed to identify any fraudulent activity by U.S. Bank. *Id.* at 1857. Instead, the Court found that Manrique appeared to suggest that U.S. Bank ought to have attached additional documents, even though there was no requirement under the relevant rule that U.S. Bank do so. *Id.* at 1857 (citing Fed. R. Bankr. P. 3001).

Finally, the court found that as to Manrique's Rule 60(b)(6) argument, Manrique failed to raise an argument that was separate from Rule 60(b)'s other subsections and would therefore warrant relief under Rule 60(b)(6). *See In re Negrete*, 183 B.R. at 197 ("Relief from judgment for 'any other reason' under Fed. R. Civ. P. 60(b)(6) should be limited only to exceptional or extraordinary circumstances, and the moving party bears the burden of establishing the existence of such circumstances.").

As to the first prong of the abuse of discretion standard, the Court is satisfied that the bankruptcy court properly identified the applicable legal standard. The bankruptcy court specifically cited the Rule 60(b) standard and correctly identified the tests for each sub-part. *See* Op'n. Br. App'x at 1851–68. Indeed, Appellant does not appear to argue that that the bankruptcy court failed to apply the correct legal standard.

Further, the Court does not find that any of the bankruptcy court's determinations were illogical, implausible, without support in inferences that may be drawn from the facts in the record. The Court agrees with the bankruptcy court's conclusion that many of these arguments can only appropriately be raised on direct appeal and that the remaining arguments do not warrant overturning the bankruptcy court's order.

In his Opening Brief, Manrique largely focuses on the issue of whether U.S. Bank owns the deed of trust and note, and cites *Yvanova*, 62 Cal. 4th at 938, in support of his argument. *See generally*, Op'n. Br. However, these issues are not properly before this Court, so the Court will not review the bankruptcy court's findings on these matters.

SER 36

Accordingly, the Court AFFIRMS the bankruptcy court's Order Denying Debtor's Motion to Reconsider Order Denying Claim Objection.

## IV.    DISPOSITION

Manrique's appeal of the Bankruptcy Court's Orders is DENIED. The Clerk shall serve this minute order on the parties.

_David O. Carter_

DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

DATED:  November 18, 2016

cc Bankruptcy Court and BAP

SER 37

Case: 16-56799, 06/12/2017, ID: 10468742, DktEntry: 16-1, Page 40 of 75

APLDIST, APPEAL

# U.S. Bankruptcy Court
## Central District of California (Riverside)
## Bankruptcy Petition #: 6:15-bk-10650-SY

|  |  |
|---|---|
| *Assigned to:* Scott H. Yun | *Date filed:* 01/26/2015 |
| Chapter 11 | *Plan confirmed:* 04/10/2017 |
| Voluntary | *341 meeting:* 02/24/2015 |
| Asset | *Deadline for filing claims:* 05/26/2015 |
|  | *Deadline for objecting to discharge:* 04/27/2015 |

| | |
|---|---|
| ***Debtor***<br>**Anthony Paul Manrique**<br>718 Silverwood Ave.<br>Upland, CA 91786<br>SAN BERNARDINO-CA<br>SSN / ITIN: xxx-xx-2822<br>*aka* **Anthony Manrique** | represented by **Dana M Douglas**<br>11024 Balboa Blvd #431<br>Granada Hills, CA 91344<br>818-360-8295<br>Fax : 213-270-9456<br>Email: dmddouglas@hotmail.com |
| ***U.S. Trustee***<br>**United States Trustee (RS)**<br>3801 University Avenue, Suite 720<br>Riverside, CA 92501-3200<br>(951) 276-6990 | represented by **Abram Feuerstein, esq**<br>Office of US Trustee<br>3801 University Avenue<br>St 720<br>Riverside, CA 92501<br>951-276-6975<br>Fax : 951-276-6973<br>Email: abram.s.feuerstein@usdoj.gov<br><br>**Mohammad Tehrani**<br>3801 University Ave Ste 720<br>Riverside, CA 92501<br>951-276-6990<br>Fax : 951-276-6973<br>Email: Mohammad.V.Tehrani@usdoj.gov |

| **Filing Date** | **#** | **Docket Text** |
|---|---|---|
| 01/26/2015 | <u>1</u><br>(17 pgs; 3 docs) | Chapter 11 Voluntary Petition. Fee Amount $1717 Filed by Anthony Paul Manrique Summary of Schedules (Form B6 Pg 1) due 02/9/2015. Schedule A (Form B6A) due 02/9/2015. Schedule B (Form B6B) due 02/9/2015. Schedule C (Form B6C) due 02/9/2015. Schedule D (Form B6D) due 02/9/2015. Schedule E (Form B6E) due 02/9/2015. Schedule F (Form B6F) due 02/9/2015. Schedule G (Form B6G) |

SER 38

| | | |
|---|---|---|
| | | due 02/9/2015. Schedule H (Form B6H) due 02/9/2015. Schedule I (Form B6I) due 02/9/2015. Schedule J (Form B6J) due 02/9/2015. Declaration Concerning Debtors Schedules (Form B6) due 02/9/2015. Statement of Financial Affairs (Form B7) due 02/9/2015. Statement (Form B22B) Due: 02/9/2015. Statistical Summary (Form B6 Pg 2) due 02/9/2015. Disclosure of Compensation of Attorney for Debtor (Form B203) due 02/9/2015. Debtor Certification of Employment Income due by 02/9/2015. Incomplete Filings due by 02/9/2015. (Douglas, Dana) WARNING: Item subsequently amended by docket entry No 4. List of Creditors Holding the 20 Largest Unsecured Claims (Official Form B4) (chapter 9 and 11 cases only) is due 1/30/2015. [FRBP 1007(d); LBR 10021] Modified on 1/27/2015 (Davies-harris, Wanda). WARNING: Case is not deficient for: List of Creditors Holding 20 Largest Unsecured Claims. Modified on 1/28/2015 (Sandoval, Rosanna). (Entered: 01/26/2015) |
| 01/26/2015 | 2 | Statement of Social Security Number(s) (Official Form B21) Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 01/26/2015) |
| 01/26/2015 | | Receipt of Voluntary Petition (Chapter 11)(6:15-bk-10650) [misc,volp11] (1717.00) Filing Fee. Receipt number 39033019. Fee amount 1717.00. (re: Doc# 1) (U.S. Treasury) (Entered: 01/26/2015) |
| 01/27/2015 | 3 (1 pg) | Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours (BNC) . (Davies-harris, Wanda) WARNING: Issued in error, case is not deficient for: List of Creditors Holding 20 Largest Unsecured Claims. Deadline for this document has been terminated. Modified on 1/28/2015 (Sandoval, Rosanna). (Entered: 01/27/2015) |
| 01/27/2015 | 4 | Notice to Filer of Correction Made/No Action Required: **Incorrect schedules /statements recorded as deficient. THE PROPER DEFICIENCY HAS BEEN ISSUED.** (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Anthony Paul Manrique) (Davies-harris, Wanda) (Entered: 01/27/2015) |

SER 39

| 01/29/2015 | 5<br>(2 pgs) | Meeting of Creditors 341(a) meeting to be held on 2/24/2015 at 02:30 PM at RM 720, 3801 University Ave., Riverside, CA 92501. Last day to oppose discharge or dischargeability is 4/27/2015. Proofs of Claims due by 5/26/2015. (Gaffney, Laurie) (Entered: 01/29/2015) |
| 01/29/2015 | 6<br>(9 pgs) | Order Re: Scheduling Chapter 11 Status Conference (BNC-PDF) (Related Doc # 1 ) - A status conference in this case will be held on March 5, 2015 at 1:30 pm, in Courtroom 302 Signed on 1/29/2015 (Jeanmarie, Cynthia) (Entered: 01/29/2015) |
| 01/29/2015 | 7 | Hearing Set (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Anthony Paul Manrique) Status hearing to be held on 3/5/2015 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Jeanmarie, Cynthia) (Entered: 01/29/2015) |
| 01/29/2015 | 8<br>(2 pgs) | BNC Certificate of Notice (RE: related document(s) 1 Voluntary Petition (Chapter 11) filed by Debtor Anthony Paul Manrique) No. of Notices: 1. Notice Date 01/29/2015. (Admin.) (Entered: 01/29/2015) |
| 01/29/2015 | 9<br>(2 pgs) | BNC Certificate of Notice (RE: related document(s) 1 Voluntary Petition (Chapter 11) filed by Debtor Anthony Paul Manrique) No. of Notices: 1. Notice Date 01/29/2015. (Admin.) (Entered: 01/29/2015) |
| 01/29/2015 | 10<br>(2 pgs) | BNC Certificate of Notice (RE: related document(s) 3 Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours (VAN-197) (BNC)) No. of Notices: 2. Notice Date 01/29/2015. (Admin.) (Entered: 01/29/2015) |
| 01/30/2015 |  | Receipt of Certification Fee - $11.00 by 32. Receipt Number 60122716. (admin) (Entered: 02/02/2015) |
| 01/31/2015 | 11<br>(3 pgs) | BNC Certificate of Notice (RE: related document(s) 5 Meeting of Creditors Chapter 11 & 12) No. of Notices: 7. Notice Date 01/31/2015. (Admin.) (Entered: 01/31/2015) |
| 01/31/2015 | 12<br>(10 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)6 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 01/31/2015. (Admin.) (Entered: 01/31/2015) |

SER 40

| | | |
|---|---|---|
| 02/03/2015 | [13](#)<br>(14 pgs) | Application to Employ Dana M Douglas as General Bankruptcy Counsel *with proof of service.* Filed by Debtor Anthony Paul Manrique (Douglas, Dana) (Entered: 02/03/2015) |
| 02/03/2015 | [14](#)<br>(5 pgs) | Notice of motion/application *to Employ Dana M Douglas as General Bankruptcy Counsel with proof of service.* Filed by Debtor Anthony Paul Manrique (RE: related document(s)[13](#) Application to Employ Dana M Douglas as General Bankruptcy Counsel *with proof of service.* Filed by Debtor Anthony Paul Manrique). (Douglas, Dana) (Entered: 02/03/2015) |
| 02/04/2015 | [15](#)<br>(44 pgs) | Summary of Schedules (Official Form B6 - Pg1) , Statistical Summary of Certain Liabilities (Official Form B6 - Pg2), Schedule A (Official Form B6A) - Real Property , Schedule B (Official Form B6B) - Personal Property , Schedule C (Official Form B6C) - Property Claimed as Exempt , Schedule D (Official Form B6D) - Creditors Holding Secured Claims , Schedule E (Official Form B6E) - Creditors Holding Unsecured Priority Claims , Schedule F (Official Form B6F) - Creditors Holding Unsecured Nonpriority Claims , Schedule G (Official Form B6G) - Executory Contracts and Unexpired Leases , Schedule H (Official Form B6H) - Codebtors , Schedule I (Official Form B6I) - Your Income , Schedule J (Official Form B6J) - Your Expenses , Declaration Concerning Debtor's Schedules (Official Form B6) , Statement of Financial Affairs (Official Form B7) , Disclosure of Compensation of Attorney for Debtor (Official Form B203) , Debtor's Certification of Employment Income , Chapter 11 Statement of Your Current Monthly Income and Calculation of Commitment Period (Official Form B22B), Declaration Re: Electronic Filing *with proof of service.* Filed by Debtor Anthony Paul Manrique (RE: related document(s)[1](#) Voluntary Petition (Chapter 11)). (Douglas, Dana) (Entered: 02/04/2015) |
| 02/04/2015 | [16](#)<br>(17 pgs) | Notice of Hearing *Order Scheduling Chapter 11 Status Conference with proof of service.* Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 02/04/2015) |
| 02/05/2015 | [17](#)<br>(4 pgs) | Declaration re: *Supplemental Declaration by Dana M Douglas in Support of Application to Employ* |

**SER 41**

| | | |
|---|---|---|
| | | *Dana M. Douglas as General Bankruptcy Counsel with proof of service.* Filed by Debtor Anthony Paul Manrique (RE: related document(s)13 Application to Employ Dana M Douglas as General Bankruptcy Counsel *with proof of service.*). (Douglas, Dana) (Entered: 02/05/2015) |
| 02/06/2015 | 18 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Richey, Cassandra. (Richey, Cassandra) (Entered: 02/06/2015) |
| 02/12/2015 | 19 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) *with Certificate of Service* Filed by Clark, Matthew. (Clark, Matthew) (Entered: 02/12/2015) |
| 02/21/2015 | 20 (6 pgs) | Status report *Debtor's First Report on Status of Reorganization with proof of service.* Filed by Debtor Anthony Paul Manrique (RE: related document(s)1 Voluntary Petition (Chapter 11), 6 Order (Generic) (BNC-PDF), 7 Hearing (Bk Other) Set, 16 Notice of Hearing). (Douglas, Dana) WARNING: Item subsequently amended to docket entry no# 22. Modified on 2/23/2015 (Hawkinson, Susan). (Entered: 02/21/2015) |
| 02/23/2015 | 21 (10 pgs) | Monthly Operating Report. Operating Report Number: 1. For the Month Ending 1/31/2015. Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 02/23/2015) |
| 02/23/2015 | 22 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing location was selected. The hearing is at the Riverside Division not Los Angeles Division. THE FILER IS INSTRUCTED TO FILE AN AMENDED NOTICE OF MOTION/HEARING WITH CORRECT HEARING INFORMATION.** (RE: related document(s)20 Status report filed by Debtor Anthony Paul Manrique) (Hawkinson, Susan) (Entered: 02/23/2015) |
| 03/05/2015 | 23 (22 pgs) | Declaration re: non opposition *Debtor's Application to Employ Dana M. Douglas as General Bankruptcy Counsel with proof of service.* Filed by Debtor Anthony Paul Manrique (RE: related document(s)13 Application to Employ Dana M Douglas as General Bankruptcy Counsel *with proof of service.*). (Douglas, Dana) (Entered: 03/05/2015) |

SER 42

| 03/05/2015 | 24<br>(5 pgs) | Notice of lodgment *Order Authorizing Employment of Dana M Douglas as General Bankruptcy Counsel with proof of service.* Filed by Debtor Anthony Paul Manrique (RE: related document(s)13 Application to Employ Dana M Douglas as General Bankruptcy Counsel *with proof of service.* Filed by Debtor Anthony Paul Manrique). (Douglas, Dana) (Entered: 03/05/2015) |
|---|---|---|
| 03/05/2015 | | Hearing (Bk Other) Continued (RE: related document(s) 1 VOLUNTARY PETITION (CHAPTER 11) filed by Anthony Paul Manrique) Status Hearing to be held on 06/18/2015 at 01:30 PM 3420 Twelfth Street Courtroom 302 Riverside, CA 92501 for 1 , (Jeanmarie, Cynthia) (Entered: 03/05/2015) |
| 03/05/2015 | 25<br>(6 pgs) | Notice of Bar Date for Filing Proof of Claim in an Individual Chapter 11 (LBR 3001-1) *with proof of service.* Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 03/05/2015) |
| 03/05/2015 | 26<br>(2 pgs) | Document/Hearing Continued (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Anthony Paul Manrique) Status hearing to be held on 6/18/2015 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Jeanmarie, Cynthia) (Entered: 03/06/2015) |
| 03/06/2015 | 27<br>(5 pgs) | Notice of lodgment *Scheduling Order After Status Conference with proof of service.* Filed by Debtor Anthony Paul Manrique (RE: related document(s) Hearing (Bk Other) Continued (RE: related document(s) 1 VOLUNTARY PETITION (CHAPTER 11) filed by Anthony Paul Manrique) Status Hearing to be held on 06/18/2015 at 01:30 PM 3420 Twelfth Street Courtroom 302 Riverside, CA 92501 for 1,). (Douglas, Dana) (Entered: 03/06/2015) |
| 03/09/2015 | 28<br>(2 pgs) | Scheduling Order After Status Conference (Related Doc # 1 ) It is hereby ordered that the deadline for filing proofs of claim in this case is May 5, 2015 which is 60 days from the service date of Debtor's Notice of Bar Date for Filing Proofs of Claim and Proofs of Interest. The Status Conference is continued to Thursday, June 18, 2015 at 1:30 p.m. |

SER 43

| | | Debtor must file a status report on or before June 4, 2015. Signed on 3/9/2015 (Mason, Shari) (Entered: 03/09/2015) |
|---|---|---|
| 03/10/2015 | 29 (2 pgs) | Order Granting Application to Employ Dana M Douglas as General Bankruptcy Counsel (BNC-PDF) (Related Doc # 13) Signed on 3/10/2015. (Jeanmarie, Cynthia) (Entered: 03/10/2015) |
| 03/11/2015 | 30 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)28 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 03/11/2015. (Admin.) (Entered: 03/11/2015) |
| 03/12/2015 | 31 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)29 Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 03/12/2015. (Admin.) (Entered: 03/12/2015) |
| 03/20/2015 | 32 (14 pgs) | Monthly Operating Report. Operating Report Number: 2. For the Month Ending 2/28/2015. Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 03/20/2015) |
| 03/29/2015 | 33 (2 pgs) | Notice of Change of Address Filed by Creditor Nationstar Mortgage, LLC.. (Daniels, Michael) (Entered: 03/29/2015) |
| 04/16/2015 | 34 (14 pgs) | Monthly Operating Report. Operating Report Number: 3. For the Month Ending 3/31/2015. Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 04/16/2015) |
| 05/15/2015 | 35 (19 pgs) | Monthly Operating Report. Operating Report Number: 4. For the Month Ending 4/30/2015. Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 05/15/2015) |
| 06/05/2015 | 36 (6 pgs) | Status report *Debtor's Second Report on Status of Reorganization with proof of service.* Filed by Debtor Anthony Paul Manrique (RE: related document(s)26 Document, Hearing (Bk Other) Continued). (Douglas, Dana) (Entered: 06/05/2015) |
| 06/10/2015 | 37 (17 pgs) | Monthly Operating Report. Operating Report Number: 5. For the Month Ending 5/31/2015. Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 06/10/2015) |

SER 44

| | | |
|---|---|---|
| 06/18/2015 | 38<br>(1 pg) | Document/Hearing Continued (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Anthony Paul Manrique) Status hearing to be held on 7/23/2015 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Jeanmarie, Cynthia) (Entered: 06/22/2015) |
| 06/19/2015 | | Hearing (Bk Other) Continued (RE: related document(s) 1 VOLUNTARY PETITION (CHAPTER 11) filed by Anthony Paul Manrique) Status Hearing to be held on 07/23/2015 at 01:30 PM 3420 Twelfth Street Courtroom 302 Riverside, CA 92501 for 1 , (Jeanmarie, Cynthia) (Entered: 06/19/2015) |
| 07/22/2015 | 39<br>(17 pgs) | Monthly Operating Report. Operating Report Number: 6. For the Month Ending 6/30/2015. Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 07/22/2015) |
| 07/22/2015 | 40<br>(6 pgs) | Status report *Debtor's Third Report on Status of Reorganization with proof of service.* Filed by Debtor Anthony Paul Manrique (RE: related document(s)38 Document, Hearing (Bk Other) Continued). (Douglas, Dana) (Entered: 07/22/2015) |
| 07/22/2015 | 41<br>(65 pgs) | First Objection to Claim #3 by Claimant US Bank National Association in the amount of $ 492647.50 Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) WARNING: Item subsequently amended by docket entry no. 43. Incorrect event code used. Matter will not be set for hearing until correction is made. Modified on 7/22/2015 (Mason, Shari). (Entered: 07/22/2015) |
| 07/22/2015 | 42<br>(5 pgs) | Notice of Hearing *on Debtor's Objection to Proof of Claim No. 3 filed by U.S. Bank National Association with proof of service.* Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 07/22/2015) |
| 07/22/2015 | 43 | Notice to Filer of Error and/or Deficient Document **Incorrect event code was used to file this document. The event code that was used is not a "motion" code and therefore we cannot set it for hearing. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT USING THE CORRECT MOTION EVENT. PREFERABLY** |

SER 45

| | | |
|---|---|---|
| | | **THE COURT WOULD LIKE YOU TO USE BK > MOTIONS/APPLICATIONS > DISALLOW CLAIMS (motion) OR ALLOW CLAIMS (motion). HOWEVER, IF THESE ARE NOT APPLICALBE TO YOUR SITUATION THEN YOU CAN USE BK > MOTIONS/APPLICATIONS > OBJECTION TO CLAIM (motion). MATTER WILL NOT BE SET FOR HEARING UNTIL THE PROPER EVENT CODE IS USED.** (RE: related document(s)41 Objection to Claim filed by Debtor Anthony Paul Manrique) (Mason, Shari) (Entered: 07/22/2015) |
| 07/23/2015 | 44 (2 pgs) | Document/Hearing Continued (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Anthony Paul Manrique) Status hearing to be held on 8/20/2015 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Jeanmarie, Cynthia) (Entered: 07/24/2015) |
| 07/27/2015 | 45 (65 pgs) | Motion RE: Objection to Claim Number 3 by Claimant U.S. Bank National Association. *With proof of service. Document re-filed as Motion.* Filed by Debtor Anthony Paul Manrique (Douglas, Dana) (Entered: 07/27/2015) |
| 07/28/2015 | 46 | Hearing Set (RE: related document(s)45 Motion RE: Objection to Claim filed by Debtor Anthony Paul Manrique) The Hearing date is set for 8/20/2015 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Mason, Shari) (Entered: 07/28/2015) |
| 08/20/2015 | | Hearing (Bk Motion) Continued (RE: related document(s) 45 MOTION RE: OBJECTION TO CLAIM filed by Anthony Paul Manrique) Hearing to be held on 10/01/2015 at 01:30 PM 3420 Twelfth Street Courtroom 302 Riverside, CA 92501 for 45 , (Jeanmarie, Cynthia) (Entered: 08/20/2015) |
| 08/20/2015 | 47 (2 pgs) | Document, Hearing Continued - STATUS CONFERENCE CONTINUED - (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Anthony Paul Manrique) Status hearing to be held on 10/1/2015 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case |

SER 46

| | | judge is Scott H. Yun (Mason, Shari) (Entered: 08/21/2015) |
|---|---|---|
| 08/20/2015 | [48](#) (1 pg) | Document, Hearing Continued (RE: related document(s)[45](#) Motion RE: Objection to Claim filed by Debtor Anthony Paul Manrique) The Hearing date is set for 10/1/2015 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Mason, Shari) (Entered: 08/21/2015) |
| 08/24/2015 | [49](#) (17 pgs) | Monthly Operating Report. Operating Report Number: 7. For the Month Ending 7/31/2015 Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 08/24/2015) |
| 09/23/2015 | [50](#) (17 pgs) | Monthly Operating Report. Operating Report Number: 8. For the Month Ending 8/31/2015. Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 09/23/2015) |
| 09/23/2015 | [51](#) (49 pgs) | Response to (related document(s): [45](#) Motion RE: Objection to Claim Number 3 by Claimant U.S. Bank National Association. *With proof of service. Document re-filed as Motion.* filed by Debtor Anthony Paul Manrique) Filed by Creditor U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-16N (Clark, Matthew) (Entered: 09/23/2015) |
| 09/28/2015 | [52](#) (5 pgs) | Notice of Hearing *(Amended) with proof of service.* Filed by Debtor Anthony Paul Manrique (RE: related document(s)[45](#) Motion RE: Objection to Claim Number 3 by Claimant U.S. Bank National Association. *With proof of service. Document re-filed as Motion.* Filed by Debtor Anthony Paul Manrique). (Douglas, Dana) WARNING: Item subsequently amended by docket entry # 54 - Hearing will currently remain set for 10/1/15 at 1:30 p.m. Modified on 9/28/2015 (Mason, Shari). (Entered: 09/28/2015) |
| 09/28/2015 | [53](#) (6 pgs) | Status report *Debtor's Fourth Report on Status of Reorganization with proof of service.* Filed by Debtor Anthony Paul Manrique (RE: related document(s)[47](#) Document, Hearing (Bk Other) Continued). (Douglas, Dana) (Entered: 09/28/2015) |

SER 47

| 09/28/2015 | 54 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date was selected. THE FILER IS INSTRUCTED TO FILE AN AMENDED NOTICE OF MOTION/HEARING WITH CORRECT HEARING INFORMATION. THE CONTINUED HEARING IS CURRENTLY SET FOR 10/1/15 AT 1:30 P.M. IF YOU ARE INTENDING TO CONTINUE IT OUT FURTHER THIS IS NOT THE PROPER WAY TO DO SO AND THE MATTER WILL REMAIN ON CALENDAR FOR 10/1/15 AT 1:30 P.M.** (RE: related document(s)52 Notice of Hearing filed by Debtor Anthony Paul Manrique) (Mason, Shari) (Entered: 09/28/2015) |
|---|---|---|
| 10/01/2015 | 55 (1 pg) | Document, Hearing Continued (RE: related document(s)45 Motion RE: Objection to Claim filed by Debtor Anthony Paul Manrique) The Hearing date is set for 10/29/2015 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Mason, Shari) (Entered: 10/02/2015) |
| 10/01/2015 | 56 (2 pgs) | Document, Hearing Continued - STATUS CONFERENCE CONTINUED - (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Anthony Paul Manrique) Status hearing to be held on 10/29/2015 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Mason, Shari) (Entered: 10/02/2015) |
| 10/15/2015 | 57 (3 pgs) | Notice of Hearing *Continued Hearing on Objection to Claim with proof of service.* Filed by Debtor Anthony Paul Manrique (RE: related document(s)45 Motion RE: Objection to Claim Number 3 by Claimant U.S. Bank National Association. *With proof of service. Document re-filed as Motion.* Filed by Debtor Anthony Paul Manrique). (Douglas, Dana) (Entered: 10/15/2015) |
| 10/15/2015 | 58 (5 pgs) | Notice of lodgment *Scheduling Order in re Objection to Claim with proof of service.* Filed by Debtor Anthony Paul Manrique (RE: related document(s)55 Document, Hearing Continued (RE: related document(s)45 Motion RE: Objection to Claim filed by Debtor Anthony Paul Manrique) The Hearing date is set for 10/29/2015 at 01:30 PM at |

SER 48

| | | Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun). (Douglas, Dana) (Entered: 10/15/2015) |
|---|---|---|
| 10/15/2015 | 59 (8 pgs) | Reply to (related document(s): 51 Response filed by Creditor U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-16N) *Debtor's Evidentiary Objections to Declaration of Hazel Salinas in Support of Response of U.S. Bank National Association to Debtor's Objection to Proof of Claim with proof of service.* Filed by Debtor Anthony Paul Manrique (Douglas, Dana) (Entered: 10/15/2015) |
| 10/15/2015 | 60 (44 pgs) | Reply to (related document(s): 45 Motion RE: Objection to Claim Number 3 by Claimant U.S. Bank National Association. *With proof of service. Document re-filed as Motion.* filed by Debtor Anthony Paul Manrique, 51 Response filed by Creditor U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-16N) *Debtor's Reply and Opposition to Response to Debtor's Objection to Proof of Claim No. 3 filed by U.S. Bank National Association; Memorandum of Points and Authorities with proof of service.* Filed by Debtor Anthony Paul Manrique (Douglas, Dana) (Entered: 10/15/2015) |
| 10/16/2015 | 61 (2 pgs) | Scheduling Order In Re Objection To Claim (Related Doc # 41 ) It is hereby Ordered that (1) The Status Conference is continued to 1:30 p.m. on October 29, 2015; (2) The Court set the following briefing schedule for the Objection: (a) Debtor's reply to Creditor's Response to Objection is due October 15, 2015; (b) Creditor's further written Response, if any, is due October 22, 2015; (3) The hearing on the Objection is also continued to October 29, 2015. Signed on 10/16/2015 (Mason, Shari) (Entered: 10/16/2015) |
| 10/18/2015 | 62 (50 pgs) | Reply to (related document(s): 60 Reply filed by Debtor Anthony Paul Manrique) *Declaration of Anthony Paul Manrique in Support of Debtor's Reply to and Opposition to Response to Debtor's Objection to Proof of Claim No. 3 with proof of service.* Filed by Debtor Anthony Paul Manrique (Douglas, Dana) (Entered: 10/18/2015) |

SER 49

| | | |
|---|---|---|
| 10/18/2015 | 63<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)61 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 10/18/2015. (Admin.) (Entered: 10/18/2015) |
| 10/29/2015 | 64<br>(17 pgs) | Monthly Operating Report. Operating Report Number: 9. For the Month Ending 9/30/2015. Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 10/29/2015) |
| 10/29/2015 | 65<br>(1 pg) | Document/Hearing Held - DENIED - (RE: related document(s)45 Motion RE: Objection to Claim filed by Debtor Anthony Paul Manrique) (Jeanmarie, Cynthia) (Entered: 10/30/2015) |
| 10/29/2015 | 66<br>(2 pgs) | Document/Hearing Continued (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Anthony Paul Manrique) Status hearing to be held on 2/11/2016 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Jeanmarie, Cynthia) (Entered: 10/30/2015) |
| 11/16/2015 | 67<br>(17 pgs) | Monthly Operating Report. Operating Report Number: 10. For the Month Ending 10/31/2015. Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 11/16/2015) |
| 11/16/2015 | 68<br>(2 pgs) | Order Overruling Debtor's Objection to Proof of Claim No. 3 filed by U.S. Bank National Association (BNC-PDF) (Related Doc # 45 ) Signed on 11/16/2015 (Mason, Shari) (Entered: 11/16/2015) |
| 11/18/2015 | 69<br>(1 pg) | Transcript Order Form, regarding Hearing Date 10/29/2015 Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 11/18/2015) |
| 11/18/2015 | 70<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)68 Order on Motion RE: Objection to Claim (BNC-PDF)) No. of Notices: 1. Notice Date 11/18/2015. (Admin.) (Entered: 11/18/2015) |
| 11/19/2015 | 71 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 15-SY-25. RE Hearing Date: 10/29/15, [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Certified Deposition Reporters, Telephone |

| | | |
|---|---|---|
| | | number 888-272-0022.] (RE: related document(s)69 Transcript Order Form (Public Request) filed by Debtor Anthony Paul Manrique) (Mason, Shari) (Entered: 11/19/2015) |
| 11/21/2015 | 72 (14 pgs) | Transcript regarding Hearing Held 10/29/15 RE: In Re: Anthony Paul Manrique. Remote electronic access to the transcript is restricted until 02/19/2016. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Certified Deposition Reporters, Telephone number 888-272-0022.]. Notice of Intent to Request Redaction Deadline Due By 11/30/2015. Redaction Request Due By 12/14/2015. Redacted Transcript Submission Due By 12/22/2015. Transcript access will be restricted through 02/19/2016. (Hyatt, Mitchell) (Entered: 11/21/2015) |
| 12/14/2015 | 73 (17 pgs) | Monthly Operating Report. Operating Report Number: 11. For the Month Ending 11/30/2015. Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 12/14/2015) |
| 01/09/2016 | 74 (19 pgs) | Monthly Operating Report. Operating Report Number: 12. For the Month Ending 12/31/2015. Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 01/09/2016) |
| 01/15/2016 | 75 (20 pgs) | Motion to Reconsider (related documents 68 Order on Motion RE: Objection to Claim (BNC-PDF) *with proof of service.* Filed by Debtor Anthony Paul Manrique (Douglas, Dana) (Entered: 01/15/2016) |
| 01/16/2016 | 76 (1426 pgs) | Declaration re: *Declaration of Anthony Paul Manrique in Support of Motion to Reconsider; Exhibits A & B; with proof of service.* Filed by Debtor Anthony Paul Manrique (RE: related document(s)75 Motion to Reconsider (related documents 68 Order on Motion RE: Objection to Claim (BNC-PDF)) *with proof of service.*). (Douglas, Dana) (Entered: 01/16/2016) |
| 01/29/2016 | 77 (7 pgs) | Status report *Debtor's Fifth Report on Status of Reorganization with proof of service.* Filed by Debtor Anthony Paul Manrique (RE: related |

| | | |
|---|---|---|
| | | document(s)66 Document, Hearing (Bk Other) Continued). (Douglas, Dana) WARNING: Hearing location is in Riverside, CA 92501. Modified on 2/1/2016 (Mason, Shari). (Entered: 01/29/2016) |
| 02/04/2016 | 78 (4 pgs) | Notice of Hearing *Motion for Reconsideration with proof of service.* Filed by Debtor Anthony Paul Manrique (RE: related document(s)75 Motion to Reconsider (related documents 68 Order on Motion RE: Objection to Claim (BNC-PDF)) *with proof of service.* Filed by Debtor Anthony Paul Manrique). (Douglas, Dana) (Entered: 02/04/2016) |
| 02/05/2016 | 79 | Hearing Set (RE: related document(s)75 Motion to Reconsider filed by Debtor Anthony Paul Manrique) The Hearing date is set for 3/17/2016 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Mason, Shari) (Entered: 02/05/2016) |
| 02/11/2016 | 80 (15 pgs) | Monthly Operating Report. Operating Report Number: 13. For the Month Ending 1/31/2016. Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 02/11/2016) |
| 02/11/2016 | 81 (1 pg) | Document/Hearing Continued (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Anthony Paul Manrique) Status hearing to be held on 6/9/2016 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Jeanmarie, Cynthia) (Entered: 02/12/2016) |
| 02/13/2016 | 82 (5 pgs) | Notice of lodgment *Scheduling Order After Status Conference with proof of service.* Filed by Debtor Anthony Paul Manrique (RE: related document(s)66 Document/Hearing Continued (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Anthony Paul Manrique) Status hearing to be held on 2/11/2016 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun). (Douglas, Dana) (Entered: 02/13/2016) |
| 02/17/2016 | 83 (2 pgs) | Scheduling Order After Status Conference - (BNC-PDF) Signed on 2/17/2016 (RE: related document(s) 1 Voluntary Petition (Chapter 11) filed by Debtor |

SER 52

| | | |
|---|---|---|
| | | Anthony Paul Manrique). (Mason, Shari) (Entered: 02/17/2016) |
| 02/19/2016 | <u>84</u><br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)<u>83</u> Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 02/19/2016. (Admin.) (Entered: 02/19/2016) |
| 03/03/2016 | <u>85</u><br>(43 pgs; 5 docs) | Opposition to (related document(s): <u>68</u> Order on Motion RE: Objection to Claim (BNC-PDF), <u>75</u> Motion to Reconsider (related documents <u>68</u> Order on Motion RE: Objection to Claim (BNC-PDF)) *with proof of service.* filed by Debtor Anthony Paul Manrique, <u>76</u> Declaration filed by Debtor Anthony Paul Manrique) Filed by Creditor U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-16N (Attachments: # <u>1</u> Exhibit A Note # <u>2</u> Exhibit B Deed of Trust # <u>3</u> Exhibit C Assignment of Deed of Trust # <u>4</u> Proof of Service) (Garan, Todd) (Entered: 03/03/2016) |
| 03/04/2016 | <u>86</u><br>(1 pg) | Order Granting ORDER to continue/reschedule hearing (BNC-PDF) (Related Doc # <u>8</u> ) - The hearing regarding the Status Conference re: Chapter 11 is hereby rescheduled from June 9, 2016 at 1:30 pm to June 16, 2016 at 1:30 pm, in Courtroom 302 Signed on 3/4/2016 (Jeanmarie, Cynthia) (Entered: 03/04/2016) |
| 03/06/2016 | <u>87</u><br>(2 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)<u>86</u> ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 03/06/2016. (Admin.) (Entered: 03/06/2016) |
| 03/15/2016 | <u>88</u><br>(37 pgs) | Request for judicial notice *in Support of Debtor's Motion for Reconsideration with proof of service.* Filed by Debtor Anthony Paul Manrique (RE: related document(s)<u>75</u> Motion to Reconsider (related documents <u>68</u> Order on Motion RE: Objection to Claim (BNC-PDF)) *with proof of service.*). (Douglas, Dana) (Entered: 03/15/2016) |
| 03/16/2016 | <u>89</u><br>(3 pgs; 2 docs) | Objection (related document(s): <u>88</u> Request for judicial notice filed by Debtor Anthony Paul Manrique) *Objection to Debtors Late Filed Request for Judicial Notice and Motion to Strike the Same* |

SER 53

| | | |
|---|---|---|
| | | Filed by Creditors Nationstar Mortgage, LLC., U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-16N (Attachments: # 1 Proof of Service) (Garan, Todd) (Entered: 03/16/2016) |
| 03/17/2016 | 90 (1 pg) | Document/Hearing Held - DENIED - (RE: related document(s)75 Motion to Reconsider filed by Debtor Anthony Paul Manrique) (Jeanmarie, Cynthia) (Entered: 03/18/2016) |
| 03/28/2016 | 91 (19 pgs) | Monthly Operating Report. Operating Report Number: 14. For the Month Ending 2/29/2016. Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 03/28/2016) |
| 03/30/2016 | 92 (5 pgs) | Notice of lodgment *of Order Denying Debtor's Motion for Reconsideration of Order Denying Debtor's Objection to Claim* Filed by Creditor U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-16N (RE: related document(s)75 Motion to Reconsider (related documents 68 Order on Motion RE: Objection to Claim (BNC-PDF)) *with proof of service.* Filed by Debtor Anthony Paul Manrique). (Garan, Todd) (Entered: 03/30/2016) |
| 04/01/2016 | 93 (1 pg) | Transcript Order Form, regarding Hearing Date 03/17/2016 Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 04/01/2016) |
| 04/03/2016 | 94 (1 pg) | Transcript Order Form, regarding Hearing Date 03/05/2015 Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 04/03/2016) |
| 04/04/2016 | 95 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 16-SY-09. RE Hearing Date: 3/17/16, [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Certified Deposition Reporters, Telephone number 888-272-0022.] (RE: related document(s)93 Transcript Order Form (Public Request) filed by Debtor Anthony Paul Manrique) (Mason, Shari) (Entered: 04/04/2016) |
| 04/04/2016 | 96 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 16-SY-10. RE Hearing Date: 3/5/15, [TRANSCRIPTION SERVICE |

| | | |
|---|---|---|
| | | PROVIDER: Ben Hyatt Certified Deposition Reporters, Telephone number 888-272-0022.] (RE: related document(s) 94 Transcript Order Form (Public Request) filed by Debtor Anthony Paul Manrique) (Mason, Shari) (Entered: 04/04/2016) |
| 04/07/2016 | 97 (2 pgs) | Order Denying Debtor's Motion To Reconsider Order Denying Claim Objection (BNC-PDF) (Related Doc # 75) Signed on 4/7/2016. (Mason, Shari) (Entered: 04/07/2016) |
| 04/07/2016 | 98 (3 pgs) | Notice *Debtor's Objection to Entry of Order Denying Motion for Reconsideration with proof of service.* Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 04/07/2016) |
| 04/09/2016 | 99 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)97 Order on Motion To Reconsider (BNC-PDF)) No. of Notices: 1. Notice Date 04/09/2016. (Admin.) (Entered: 04/09/2016) |
| 04/12/2016 | 100 (15 pgs) | Monthly Operating Report. Operating Report Number: 15. For the Month Ending 3/31/2016. Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 04/12/2016) |
| 04/12/2016 | 101 (8 pgs) | Transcript regarding Hearing Held 03/05/15 RE: In Re: Anthony Paul Manrique. Remote electronic access to the transcript is restricted until 07/11/2016. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Certified Deposition Reporters, Telephone number 888-272-0022.]. Notice of Intent to Request Redaction Deadline Due By 4/19/2016. Redaction Request Due By 05/3/2016. Redacted Transcript Submission Due By 05/13/2016. Transcript access will be restricted through 07/11/2016. (Hyatt, Mitchell) (Entered: 04/12/2016) |
| 04/12/2016 | | Receipt of Appeal/Cross Appeal Filing Fee - $298.00 by 31. Receipt Number 60131164 (admin) (Entered: 04/13/2016) |
| 04/12/2016 | 102 (6 pgs) | Notice of Appeal and Statement of Election to U.S. District Court.(Official Form 417A) . Fee Amount $298 Filed by Debtor Anthony Paul Manrique (RE: related document(s)97 Order on Motion To Reconsider (BNC-PDF)). Appellant Designation due by 4/26/2016. (Hawkinson, Susan) U.S.D.C. Case no # 5:16-cv-00708 DOC. Modified on 4/14/2016 (Hawkinson, Susan). (Entered: 04/13/2016) |

SER 55

| | | |
|---|---|---|
| 04/13/2016 | 103 (12 pgs) | Notice of referral of appeal to U. S. District Court with certificate of mailing (RE: related document(s)102 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Anthony Paul Manrique) (Hawkinson, Susan) (Entered: 04/13/2016) |
| 04/14/2016 | 104 (2 pgs) | Notice RE: Appeal from Bankruptcy Court (USDC) - USCD case no# 5:16-cv-00708 DOC (RE: related document(s)102 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Anthony Paul Manrique) (Hawkinson, Susan) (Entered: 04/14/2016) |
| 04/18/2016 | 105 (26 pgs) | Transcript regarding Hearing Held 03/17/16 RE: In Re: Anthony Paul Manrique. Remote electronic access to the transcript is restricted until 07/18/2016. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Certified Deposition Reporters, Telephone number 888-272-0022.]. Notice of Intent to Request Redaction Deadline Due By 4/25/2016. Redaction Request Due By 05/9/2016. Redacted Transcript Submission Due By 05/19/2016. Transcript access will be restricted through 07/18/2016. (Hyatt, Mitchell) (Entered: 04/18/2016) |
| 04/26/2016 | 106 (3 pgs) | Statement of Issues on Appeal with proof of service. U.S.D.C. Case # 5:16-cv-00708-DOC Filed by Debtor Anthony Paul Manrique (RE: related document(s)102 Notice of Appeal and Statement of Election (Official Form 417A)). (Hawkinson, Susan) (Entered: 04/26/2016) |
| 04/26/2016 | 107 (21 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Debtor Anthony Paul Manrique. U.S.D.C. Case # 5:16-cv-00708-DOC (RE: related document(s)102 Notice of Appeal and Statement of Election (Official Form 417A)). Appellee designation due by 5/10/2016. Transmission of Designation Due by 5/26/2016. (Hawkinson, Susan) (Entered: 04/26/2016) |
| 04/26/2016 | 108 (2 pgs) | Notice of transcripts. U.S.D.C. Case no# 5:16-cv-00708-DOC Filed by Debtor Anthony Paul Manrique (RE: related document(s)102 Notice of Appeal and Statement of Election (Official Form 417A)). (Hawkinson, Susan) (Entered: 04/26/2016) |
| 04/28/2016 | 109 (37 pgs) | |

SER 56

| | | |
|---|---|---|
| | | Disclosure Statement *with proof of service*. Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 04/28/2016) |
| 04/28/2016 | [110](#) (14 pgs) | Chapter 11 Plan of Reorganization *with proof of service*. Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 04/28/2016) |
| 05/03/2016 | 111 | Hearing Set (RE: related document(s)109 Disclosure Statement filed by Debtor Anthony Paul Manrique) Status hearing to be held on 6/16/2016 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Jeanmarie, Cynthia) (Entered: 05/03/2016) |
| 05/10/2016 | [112](#) (4 pgs) | Notice of Hearing *on Debtor's Disclosure Statement Describing Chapter 11 Plan & Chapter 11 Plan with proof of service*. Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 05/10/2016) |
| 05/10/2016 | [113](#) (4 pgs) | Notice of Hearing *Continued Status Conference with proof of service*. Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 05/10/2016) |
| 05/10/2016 | [114](#) (3 pgs) | Statement of Issues on Appeal *Supplemental* Filed by Creditor U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-16N (RE: related document(s)102 Notice of Appeal and Statement of Election (Official Form 417A)). (Garan, Todd) (Entered: 05/10/2016) |
| 05/10/2016 | [115](#) (5 pgs) | Appellee Designation of Contents for Inclusion in Record of Appeal Filed by Creditor U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-16N (RE: related document(s)102 Notice of Appeal and Statement of Election (Official Form 417A)). (Garan, Todd) (Entered: 05/10/2016) |
| 05/11/2016 | [116](#) (2 pgs) | Certificate of readiness of record on appeal to District Court. Case Number: 5:16-cv-00708-DOC (RE: related document (s)102 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Anthony Paul Manrique) (Hawkinson, Susan) (Entered: 05/11/2016) |
| 05/11/2016 | [117](#) (17 pgs) | Monthly Operating Report. Operating Report Number: 16. For the Month Ending 4/30/2016. Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 05/11/2016) |
| 05/12/2016 | | |

SER 57

| | 118<br>(1 pg) | Notice RE: BK Record Complete, Briefing Schedule and Notice of Entry - Re: Appeal US District Court Case #5:16-cv-00708-DOC (RE: related document(s)102 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Anthony Paul Manrique) (Hawkinson, Susan) Modified on 5/17/2016 (English, Melissa). (Entered: 05/16/2016) |
|---|---|---|
| 06/02/2016 | 119<br>(50 pgs) | Objection (related document(s): 109 Disclosure Statement filed by Debtor Anthony Paul Manrique, 110 Chapter 11 Plan filed by Debtor Anthony Paul Manrique) *with Exhibits A-C and Proof of Service (Subject Property: 718 Silverwood Avenue, Upland, California 91786)* Filed by Creditor U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-16N (Garan, Todd) (Entered: 06/02/2016) |
| 06/13/2016 | 120<br>(4 pgs) | Reply to (related document(s): 119 Objection filed by Creditor U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-16N) *with proof of service.* Filed by Debtor Anthony Paul Manrique (Douglas, Dana) (Entered: 06/13/2016) |
| 06/16/2016 | 121<br>(17 pgs) | Monthly Operating Report. Operating Report Number: 17. For the Month Ending 5/31/2016 . Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 06/16/2016) |
| 06/16/2016 | 122<br>(2 pgs) | Document/Hearing Held - Last day to file amended plan and amended disclosure statement: 7/21/16 - Date Disclosure Statement can be heard, if timely filed: 8/18/16 @ 12:30 pm - Objection by 8/4/16 - Reply by 8/18/16 - (RE: related document(s)109 Disclosure Statement filed by Debtor Anthony Paul Manrique) (Jeanmarie, Cynthia) (Entered: 06/17/2016) |
| 06/16/2016 | 123<br>(2 pgs) | Document/Hearing Continued (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Anthony Paul Manrique) Status hearing to be held on 8/18/2016 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Jeanmarie, Cynthia) (Entered: 06/17/2016) |
| 07/15/2016 | 124<br>(15 pgs) | Monthly Operating Report. Operating Report Number: 18. For the Month Ending 6/30/2016. Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 07/15/2016) |
| 07/21/2016 | | |

SER 58

| | | | |
|---|---|---|---|
| | [125](#) (37 pgs) | Amended Disclosure Statement *(First Amended) with proof of service.* Filed by Debtor Anthony Paul Manrique (RE: related document(s)[109](#) Disclosure Statement *with proof of service.* Filed by Debtor Anthony Paul Manrique.). (Douglas, Dana) (Entered: 07/21/2016) | |
| 07/21/2016 | [126](#) (14 pgs) | Amended Chapter 11 Plan *(First Amended) with proof of service.* Filed by Debtor Anthony Paul Manrique (RE: related document(s)[110](#) Chapter 11 Plan of Reorganization *with proof of service.* Filed by Debtor Anthony Paul Manrique.). (Douglas, Dana) (Entered: 07/21/2016) | |
| 07/22/2016 | 127 | Hearing Set on Debtor's First Amended Disclosure Statement Describing Chapter 11 Plan. The Hearing date is set for 8/18/2016 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Mason, Shari). Related document(s) [125](#) Amended Disclosure Statement filed by Debtor Anthony Paul Manrique. Modified on 7/22/2016 (Mason, Shari). (Entered: 07/22/2016) | |
| 07/22/2016 | [128](#) (4 pgs) | Notice of Hearing *Adequacy of Disclosure Statement Describing Chapter 11 Plan (1st Amended Disclosure Statement) with proof of service.* Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 07/22/2016) | |
| 07/22/2016 | [129](#) (5 pgs) | Notice of lodgment *Scheduling Order After Status Conference (6/16/2016) with proof of service.* Filed by Debtor Anthony Paul Manrique (RE: related document(s) [122](#) Document/Hearing Held - Last day to file amended plan and amended disclosure statement: 7/21/16 - Date Disclosure Statement can be heard, if timely filed: 8/18/16 @ 12:30 pm - Objection by 8/4/16 - Reply by 8/18/16 - (RE: related document(s)[109](#) Disclosure Statement filed by Debtor Anthony Paul Manrique), [123](#) Document/Hearing Continued (RE: related document(s)[1](#) Voluntary Petition (Chapter 11) filed by Debtor Anthony Paul Manrique) Status hearing to be held on 8/18/2016 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun). (Douglas, Dana) (Entered: 07/22/2016) | |
| 08/04/2016 | [130](#) (45 pgs) | Objection (related document(s): [125](#) Amended Disclosure Statement filed by Debtor Anthony Paul Manrique, [126](#) Amended Chapter 11 Plan filed by Debtor Anthony Paul Manrique) *to Debtor's Amended Chapter 11 Disclosure Statement in Support of Plan with Exhibits A-C and Proof of Service (Subject Property: 718 Silverwood Avenue, Upland, California 91786) [LIMITED]* Filed by Creditor U.S. Bank | |

| | | |
|---|---|---|
| | | National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-16N (Garan, Todd) (Entered: 08/04/2016) |
| 08/04/2016 | 131 (14 pgs) | Objection (related document(s): 125 Amended Disclosure Statement filed by Debtor Anthony Paul Manrique) *United States Trustee's Objection to Debtor's First Amended Disclosure Statement Describing Chapter 11 Plan* Filed by U.S. Trustee United States Trustee (RS) (Tehrani, Mohammad) (Entered: 08/04/2016) |
| 08/11/2016 | 132 (3 pgs) | Errata *Debtor's Response to Objections of Creditor (Limited) and United States Trustee to First Amended Disclosure Statement in Support of Chapter 11 Plan with proof of service.* Filed by Debtor Anthony Paul Manrique (RE: related document(s)125 Amended Disclosure Statement, 126 Amended Chapter 11 Plan, 130 Objection, 131 Objection). (Douglas, Dana) WARNING: Item subsequently amended by docket entry no. 133. Incorrect event code used for a response/reply. Modified on 8/12/2016 (Mason, Shari). (Entered: 08/12/2016) |
| 08/12/2016 | 133 | Notice to Filer of Error and/or Deficient Document **Incorrect event code was used to file this document. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT USING THE CORRECT EVENT. THE CORRECT EVENT CODE IS BK > ANSWER/RESPONSE > REFERENCE AN EXISTING MOTION/APPLICATION > REPLY - AND RELATE IT BACK TO THE OBJECTION OR THE DOCUMENT THAT YOU ARE RESPONDING TO.** (RE: related document(s)132 Errata filed by Debtor Anthony Paul Manrique) (Mason, Shari) (Entered: 08/12/2016) |
| 08/14/2016 | 134 (17 pgs) | Monthly Operating Report. Operating Report Number: 19. For the Month Ending 7/31/2016. Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 08/14/2016) |
| 08/18/2016 | 135 (2 pgs) | Document/Hearing Held - Date Disclosure Statement can be heard, if timely filed: 10/6/16 @ 1:30 pm - Disclosure Statement to be filed (35 days): 9/1/16 and Disclosure Statement Objections filed (14 days): 9/22/16 - (RE: related document(s)125 Amended Disclosure Statement filed by Debtor Anthony Paul Manrique) (Jeanmarie, Cynthia) (Entered: 08/19/2016) |
| 08/18/2016 | 136 (2 pgs) | Document/Hearing Continued (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Anthony |

SER 60

| | | |
|---|---|---|
| | | Paul Manrique) Confirmation hearing to be held on 10/6/2016 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Jeanmarie, Cynthia) (Entered: 08/19/2016) |
| 09/15/2016 | 137 (17 pgs) | Monthly Operating Report. Operating Report Number: 19 (Amended). For the Month Ending 7/31/2016. *Incorrect Report Previously Filed as #19.* Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 09/15/2016) |
| 09/15/2016 | 138 (5 pgs) | Notice of lodgment *Scheduling Order After Status Conference with proof of service.* Filed by Debtor Anthony Paul Manrique (RE: related document(s)135 Document/Hearing Held - Date Disclosure Statement can be heard, if timely filed: 10/6/16 @ 1:30 pm - Disclosure Statement to be filed (35 days): 9/1/16 and Disclosure Statement Objections filed (14 days): 9/22/16 - (RE: related document(s)125 Amended Disclosure Statement filed by Debtor Anthony Paul Manrique), 136 Document/Hearing Continued (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Anthony Paul Manrique) Confirmation hearing to be held on 10/6/2016 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun). (Douglas, Dana) (Entered: 09/15/2016) |
| 09/15/2016 | 139 (17 pgs) | Monthly Operating Report. Operating Report Number: 20. For the Month Ending 8/31/2016. Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 09/15/2016) |
| 09/15/2016 | 140 (38 pgs) | Amended Disclosure Statement *Second Amended Disclosure Statement Describing Chapter 11 Plan with proof of service.* Filed by Debtor Anthony Paul Manrique (RE: related document(s)109 Disclosure Statement *with proof of service.* Filed by Debtor Anthony Paul Manrique.). (Douglas, Dana) (Entered: 09/15/2016) |
| 09/15/2016 | 141 (14 pgs) | Amended Chapter 11 Plan *Second Amended Chapter 11 Plan with proof of service.* Filed by Debtor Anthony Paul Manrique (RE: related document(s)126 Amended Chapter 11 Plan *(First Amended) with proof of service.* Filed by Debtor Anthony Paul Manrique (RE: related document(s) 110 Chapter 11 Plan of Reorganization *with proof of service.* Filed by Debtor Anthony Paul Manrique.).). (Douglas, Dana) (Entered: 09/15/2016) |
| 09/15/2016 | 142 (5 pgs) | Ex parte application *Request to Continue Hearing on Debtor's Second Amended Disclosure Statement Describing* |

SER 61

| | | |
|---|---|---|
| | | *Second Amended Plan & Status Conference Scheduled for October 6, 2016 and Deadlines Related Thereto with proof of service.* Filed by Debtor Anthony Paul Manrique (Douglas, Dana) (Entered: 09/15/2016) |
| 09/20/2016 | <u>143</u><br>(2 pgs) | Scheduling Order After Status Conference - (BNC-PDF) It is Hereby Ordered that the status conference is continued to October 6, 2016 at 1:30 p.m. in Courtroom 302. Debtor's amended disclosure statement and chapter 11 plan are to be filed September 1, 2016; Any objections to the disclosure statement are to be filed by September 22, 2016 and Debtor's reply to any objections is to be filed September 29, 2016. If the debtor has filed the disclosure statement and plan as ordered, no status report will be required for the continued status conference and a hearing on approval of the disclosure statement will be conducted on October 6, 2016 at 1:30 p.m. Signed on 9/20/2016 (RE: related document(s)<u>1</u> Voluntary Petition (Chapter 11) filed by Debtor Anthony Paul Manrique). (Mason, Shari) (Entered: 09/20/2016) |
| 09/21/2016 | <u>144</u><br>(2 pgs) | Order On Ex Parte Request To Continue Hearing On Debtor's Second Amended Disclosure Statement Describing Second Amended Plan & Status Conference Scheduled For October 6, 2016 and Deadlines Related Thereto (BNC-PDF) It is Ordered the status conference and hearing on Second Amended Disclosure Statement Describing Chapter 11 Plan currently scheduled for October 6, 2016 at 1:30 p.m. are continued to October 20, 2016 at 1:30 p.m. (Related Doc # <u>142</u> ) Signed on 9/21/2016 (Mason, Shari) (Entered: 09/21/2016) |
| 09/21/2016 | 145 | Hearing Set - on Debtor's Second Amended Disclosure Statement Describing Second Amended Chapter 11 Plan - The Hearing date is set for 10/20/2016 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Mason, Shari). Related document(s) <u>140</u> Amended Disclosure Statement filed by Debtor Anthony Paul Manrique. Modified on 9/21/2016 (Mason, Shari). (Entered: 09/21/2016) |
| 09/22/2016 | <u>146</u><br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)<u>143</u> Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 09/22/2016. (Admin.) (Entered: 09/22/2016) |
| 09/23/2016 | <u>147</u><br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)<u>144</u> ORDER to continue/reschedule hearing |

SER 62

| | | |
|---|---|---|
| | | (BNC-PDF)) No. of Notices: 1. Notice Date 09/23/2016. (Admin.) (Entered: 09/23/2016) |
| 10/19/2016 | [148](#) (16 pgs) | Monthly Operating Report. Operating Report Number: 21. For the Month Ending 9/30/2016. Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 10/19/2016) |
| 10/20/2016 | [149](#) (2 pgs) | Document/Hearing Continued (RE: related document(s)[1](#) Voluntary Petition (Chapter 11) filed by Debtor Anthony Paul Manrique) Status hearing to be held on 1/12/2017 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Jeanmarie, Cynthia) (Entered: 10/21/2016) |
| 10/20/2016 | [150](#) (2 pgs) | Document/Hearing Held - PLAN CONFIRMATION HEARING: 1/12/17 AT 1:30 PM. BRIEF IN SUPPORT FILED: 12/22/16. OBJECTION FILED: 12/29/16. REPLY FILED: 1/5/17. BALLOT SUMMARY FILED: 12/22/17 - (RE: related document(s)[141](#) Amended Chapter 11 Plan filed by Debtor Anthony Paul Manrique) (Jeanmarie, Cynthia) (Entered: 10/21/2016) |
| 11/03/2016 | [151](#) (6 pgs) | Notice of Hearing *(1) Plan Confirmation Hearing; (2) Deadline for Filing Confirmation Objections; and (3) Deadline for Submission of Ballots; Ballots (served with 2nd Amended Disclosure Statement & 2nd Amended Plan) with proof of service.* Filed by Debtor Anthony Paul Manrique. (Douglas, Dana). Related document(s) [141](#) Amended Chapter 11 Plan filed by Debtor Anthony Paul Manrique. Modified on 11/4/2016 (Mason, Shari). (Entered: 11/03/2016) |
| 11/03/2016 | [152](#) (5 pgs) | Notice of lodgment *Order Approving Second Amended Disclosure Statement & Scheduling Order After Status Conference & Hearing on Disclosure Statement with proof of service.*. Filed by Debtor Anthony Paul Manrique (RE: related document(s)[140](#) Amended Disclosure Statement *Second Amended Disclosure Statement Describing Chapter 11 Plan with proof of service.* Filed by Debtor Anthony Paul Manrique (RE: related document(s)[109](#) Disclosure Statement *with proof of service.* Filed by Debtor Anthony Paul Manrique.)., [141](#) Amended Chapter 11 Plan *Second Amended Chapter 11 Plan with proof of service.* Filed by Debtor Anthony Paul Manrique (RE: related document(s) [126](#) Amended Chapter 11 Plan *(First Amended) with proof of service.* Filed by Debtor Anthony Paul Manrique (RE: related document(s)[110](#) Chapter 11 Plan of Reorganization |

SER 63

| | | *with proof of service.* Filed by Debtor Anthony Paul Manrique.).).). (Douglas, Dana) (Entered: 11/03/2016) |
|---|---|---|
| 11/04/2016 | 153 | Hearing Set (RE: related document(s)141 Amended Chapter 11 Plan filed by Debtor Anthony Paul Manrique) Confirmation hearing to be held on 1/12/2017 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Mason, Shari) (Entered: 11/04/2016) |
| 11/04/2016 | 154 | Notice to Pay Court Costs Due Sent To: Dana M Douglas, Total Amount Due $0 . (Mason, Shari) (Entered: 11/04/2016) |
| 11/07/2016 | 155 (2 pgs) | Order Approving Disclosure Statement and Setting Hearing on Confirmation of Plan (BNC-PDF) Signed on 11/7/2016 (RE: related document(s)140 Amended Disclosure Statement filed by Debtor Anthony Paul Manrique). Confirmation hearing to be held on 1/12/2017 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Jeanmarie, Cynthia) (Entered: 11/07/2016) |
| 11/09/2016 | 156 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)155 Order Approving Disclosure Statement (BNC-PDF)) No. of Notices: 1. Notice Date 11/09/2016. (Admin.) (Entered: 11/09/2016) |
| 11/18/2016 | 158 (7 pgs) | BAP/USDC appeal judgment - Order Re: Appeal BAP/USDC Number: EDCV-16-0708-DOC, Ruling: AFFIRMED Signed on 11/18/2016. (Hawkinson, Susan) (Entered: 11/22/2016) |
| 11/21/2016 | 157 (15 pgs) | Monthly Operating Report. Operating Report Number: 22. For the Month Ending 10/31/2016. Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 11/21/2016) |
| 12/05/2016 | 159 (3 pgs) | Document RE: Appeal - Notification of a pending U.S. Court of Appeals Case. U.S. Court of Appeal case no # 16-56799. (RE: related document(s)102 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Anthony Paul Manrique) (Hawkinson, Susan) (Entered: 12/07/2016) |
| 12/11/2016 | 160 (17 pgs) | Monthly Operating Report. Operating Report Number: 23. For the Month Ending 11/30/2016. Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 12/11/2016) |

SER 64

| 12/22/2016 | 161 (31 pgs) | Motion for order confirming chapter 11 plan *with proof of service*. Filed by Debtor Anthony Paul Manrique (Douglas, Dana) (Entered: 12/22/2016) |
|---|---|---|
| 12/28/2016 | 162 (46 pgs) | Objection (related document(s): 140 Amended Disclosure Statement filed by Debtor Anthony Paul Manrique, 141 Amended Chapter 11 Plan filed by Debtor Anthony Paul Manrique) *to Debtor's 2nd Amended Chapter 11 Plan of Reorganization with Exhibits A-C and Proof of Service (Subject Property: 718 Silverwood Avenue, Upland, California 91786)* Filed by Creditor U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-16N; Nationstar Mortgage, LLC as servicer (Garan, Todd) (Entered: 12/28/2016) |
| 01/06/2017 | 163 (7 pgs) | Reply to (related document(s): 162 Objection filed by Creditor U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-16N; Nationstar Mortgage, LLC as servicer) *with proof of service*. Filed by Debtor Anthony Paul Manrique (Douglas, Dana) (Entered: 01/06/2017) |
| 01/06/2017 | 164 (5 pgs) | Errata *in re Debtor's Response to Objection of U.S. Bank, N.A., to Confirmation of Debtor's 2nd Amended Plan of Reorganization - Exhibit Inadvertantly Omitted with proof of service*. Filed by Debtor Anthony Paul Manrique (RE: related document(s)163 Reply). (Douglas, Dana) (Entered: 01/06/2017) |
| 01/11/2017 | 165 (15 pgs) | Monthly Operating Report. Operating Report Number: 24. For the Month Ending 12/31/2016. Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 01/11/2017) |
| 01/12/2017 | | Hearing (Bk Other) Continued (RE: related document(s) 141 AMENDED CHAPTER 11 PLAN filed by Anthony Paul Manrique) Confirmation Hearing to be held on 02/16/2017 at 01:30 PM 3420 Twelfth Street Courtroom 302 Riverside, CA 92501 for 141 , (Jeanmarie, Cynthia) (Entered: 01/12/2017) |
| 01/12/2017 | 166 (2 pgs) | Document, Hearing Continued (RE: related document(s)141 Amended Chapter 11 Plan filed by Debtor Anthony Paul Manrique) Confirmation hearing to be held on 2/16/2017 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Mason, Shari) (Entered: 01/13/2017) |

SER 65

| 01/12/2017 | 167<br>(2 pgs) | Document, Hearing Continued (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Anthony Paul Manrique) Status hearing to be held on 2/16/2017 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Mason, Shari) (Entered: 01/13/2017) |
| 02/15/2017 | 168<br>(13 pgs) | Reply to (related document(s): 161 Motion for order confirming chapter 11 plan *with proof of service.* filed by Debtor Anthony Paul Manrique, 162 Objection filed by Creditor U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-16N; Nationstar Mortgage, LLC as servicer) *Supplement to Plan Confirmation Memorandum; Declarations in Anthony Paul Manrique and Dana M. Douglas in Support with proof of service.* Filed by Debtor Anthony Paul Manrique (Douglas, Dana) (Entered: 02/15/2017) |
| 02/16/2017 | 169<br>(17 pgs) | Monthly Operating Report. Operating Report Number: 25. For the Month Ending 1/31/2017. Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 02/16/2017) |
| 02/16/2017 | 170<br>(2 pgs) | Document/Hearing Held - PLAN IS CONFIRMED - (RE: related document(s)141 Amended Chapter 11 Plan filed by Debtor Anthony Paul Manrique) (Jeanmarie, Cynthia) (Entered: 02/17/2017) |
| 02/16/2017 | 171<br>(2 pgs) | Document/Hearing Held - OFF CALENDAR - (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Anthony Paul Manrique) (Jeanmarie, Cynthia) (Entered: 02/17/2017) |
| 03/15/2017 | 172<br>(9 pgs) | Notice of lodgment *Order Confirming Chapter 11 Plan with proof of service.* Filed by Debtor Anthony Paul Manrique (RE: related document(s)170 Document/Hearing Held - PLAN IS CONFIRMED - (RE: related document(s)141 Amended Chapter 11 Plan filed by Debtor Anthony Paul Manrique)). (Douglas, Dana) (Entered: 03/15/2017) |
| 03/19/2017 | 173<br>(15 pgs) | Monthly Operating Report. Operating Report Number: 26. For the Month Ending 2/28/2017. Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 03/19/2017) |
| 04/10/2017 | 174<br>(6 pgs) | Order Confirming Chapter 11 Plan (BNC-PDF) (Related Doc # 161 ) Signed on 4/10/2017 (Mason, Shari) (Entered: 04/10/2017) |

SER 66

| 04/12/2017 | 175 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)174 Order Confirming Chapter 11 Plan (BNC-PDF)) No. of Notices: 1. Notice Date 04/12/2017. (Admin.) (Entered: 04/12/2017) |
| 04/28/2017 | 176 (15 pgs) | Monthly Operating Report. Operating Report Number: 27. For the Month Ending 3/31/2017. Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 04/28/2017) |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/02/2017 16:48:52 | | | |
| **PACER Login:** | mmswenson:4695343:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 6:15-bk-10650-SY Fil or Ent: filed To: 6/2/2017 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 18 | **Cost:** | 1.80 |

**SER 67**

APPEAL,CLOSED,MANADR

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (Eastern Division - Riverside)
### CIVIL DOCKET FOR CASE #: 5:16-cv-00708-DOC

In re: Anthony Paul Manrique
Assigned to: Judge David O. Carter
Case in other court: 9th Circuit, 16-56799
                     USBC Central District of California
                     -Riverside, 6:15-bk-10650 SY
Cause: 28:0158 Notice of Appeal re Bankruptcy Matter
(BAP)

Date Filed: 04/14/2016
Date Terminated: 11/18/2016
Jury Demand: None
Nature of Suit: 422 Bankruptcy Appeal
(801)
Jurisdiction: Federal Question

**In re Debtor**

**Anthony Paul Manrique**

V.

**Appellant**

**Anthony Paul Manrique**

represented by **Anthony Paul Manrique**
718 Silverwood Avenue
Upland, CA 91786
909-985-1869
Email: manq5230@aol.com
PRO SE

V.

**Appellee**

**U.S. Bank National Association**
*as Trustee for Lehman XS Trust*
*Mortgage Pass-Through Certificates,*
*Series 2007-16N*

represented by **Matthew R Clark , III**
Aldridge Pite, LLP
4375 Jutland Drive Suite 200
P.O. Box 17933
San Diego, CA 92117-0933
858-750-7600
Fax: 619-590-1385
Email: mclark@piteduncan.com
*ATTORNEY TO BE NOTICED*

**Todd Stephen Garan**
Aldridge Pite LLP
4375 Jutland Drive Suite 200
San Diego, CA 92117
619-750-7600
Fax: 619-590-1385

SER 68

Email: TGaran@aldridgepite.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/14/2016 | 1 | NOTICE OF APPEAL AND STATEMENT OF ELECTION Re: ORDER Denying Debtor's Motion to Reconsider Order Denying Claim Objection entered on 4/7/16 by Bankruptcy Judge Scott H. Yun, filed in the Bankruptcy Court on 4/12/16. Bankruptcy Court case number: 6:15-bk-10650-SY, Adversary number: NA, BAP case number: NA., filed by appellant Anthony Paul Manrique. (esa) (Additional attachment(s) added on 4/14/2016: # 1 bk dkt) (esa). (Entered: 04/14/2016) |
| 04/14/2016 | 2 | NOTICE REGARDING APPEAL FROM BANKRUPTCY COURT. One of the parties having so requested, this appeal from the U.S. Bankruptcy Court is assigned to District Judge David O. Carter. The District Court Case No. 5:16-cv-00708 DOC must appear on all documents filed in this appeal, along with any Bankruptcy Court and adversary proceeding case numbers. Bankruptcy Court Case No. 6:15-bk-10650-SY, Adversary Case No. NA, and Bankruptcy Appellate No. NA. The parties are responsible for reading and complying with all requirements provided in this notice and applicable rules of the Federal Rules of Bankruptcy Procedure. Failure to comply with the time requirements stated in this notice and applicable rules may result in the dismissal of the appeal or the right to oppose the appeal. (esa) (Entered: 04/14/2016) |
| 04/14/2016 | 3 | NOTICE OF REFERRAL OF APPEAL prepared by the United States Bankruptcy Court on 4/13/16. (esa) (Entered: 04/14/2016) |
| 04/14/2016 | 4 | NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM filed. (esa) (Entered: 04/14/2016) |
| 04/15/2016 | 5 | INITIAL STANDING ORDER FOLLOWING ASSIGNMENT OF CIVIL CASE TO JUDGE CARTER upon filing of the complaint by Judge David O. Carter. (dgo) (Entered: 04/15/2016) |
| 04/26/2016 | 6 | APPLICATION for Pro Se Litigant to electronically file documents in a specific case filed by Appellant Anthony Paul Manrique. (mt) (Entered: 04/27/2016) |
| 04/27/2016 | 7 | APPELLANT'S DESIGNATION OF RECORD ON APPEAL filed by Appellant Anthony Paul Manrique. (mt) (Entered: 04/27/2016) |
| 04/27/2016 | 8 | APPELLANT'S STATEMENT OF ISSUES ON APPEAL filed by Appellant Anthony Paul Manrique (mt) (Entered: 04/27/2016) |
| 05/02/2016 | 9 | ORDER by Judge David O. Carter: Granting 6 APPLICATION for Pro Se Electronic Filing. The applicant must register to use the Courts CM/ECF System within five (5) days of being served with this order. Registration information is available at the Pro Se Litigant E-Filing web page located on the Courts website. Upon registering, the applicant will receive a CM/ECF login and password that will allow him/her to file non-sealed documents electronically in this case only. Any documents being submitted under seal must be manually filed with the Clerk. (lwag) (Entered: 05/06/2016) |

SER 69

| 05/12/2016 | 10 | Notice of Bankruptcy Appeal Record Availability re Notice of Appeal from Bankruptcy Court Order/Judgment, 1 (lc) (Entered: 05/16/2016) |
|---|---|---|
| 05/12/2016 | 11 | NOTICE RE: BANKRUPTCY RECORD COMPLETE. Please note, pursuant to Federal Rule of Bankruptcy Procedure 8010(b)(3), this Court has received from the Clerk of the Bankruptcy Court either the record for the above-captioned appeal or notice that the record is available electronically. The parties are responsible for reading and complying with all requirements, including briefing, provided in this notice. Appellant must serve and file a brief by 6/13/2016. (lc) (Entered: 05/16/2016) |
| 06/13/2016 | 12 | APPLICATION for Extension of Time to File Opening Brief filed by Appellant Anthony Paul Manrique. Application set for hearing on 7/13/2016 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Proposed Order) (Manrique, Anthony) (Entered: 06/13/2016) |
| 06/14/2016 | 13 | MINUTES (IN CHAMBERS) by Judge David O. Carter: Granting 12 Application for Extension of Time to File Opening Brief. On June 13, 2016, Appellant Anthony Paul Manrique filed an Application for Extension of Time to File Opening Brief ("Application") (Dkt. 12). For good cause appearing, the Court GRANTS the Application. Appellant shall now file his opening brief on or before July 13, 2016. (mba) (Entered: 06/14/2016) |
| 07/13/2016 | 14 | BRIEF filed by Appellant Anthony Paul Manrique. regarding Order on Motion for Pro Se Electronic Filing - CV-5 O,, 9 . (Attachments: # 1 Exhibit 2 of 4, # 2 Exhibit 3 of 4, # 3 Exhibit 4 of 4)(Manrique, Anthony) (Entered: 07/13/2016) |
| 08/09/2016 | 15 | NOTICE OF MOTION AND MOTION for Extension of Time to File Opening Brief & Declaration of Todd S. Garan in Support Thereof filed by Appellee U.S. Bank National Association. (Attachments: # 1 Declaration of Service) (Garan, Todd) (Entered: 08/09/2016) |
| 08/10/2016 | 16 | NOTICE OF LODGING filed re NOTICE OF MOTION AND MOTION for Extension of Time to File Opening Brief & Declaration of Todd S. Garan in Support Thereof 15 (Attachments: # 1 Proposed Order on Appellee's Motion for Extension of Time to File Opening Brief, # 2 Declaration of Service)(Garan, Todd) (Entered: 08/10/2016) |
| 08/10/2016 | 17 | ORDER on Appellee's Motion for Extension of Time to File Opening Brief 15 by Judge David O. Carter: Having considered Appellees Motion, and for good cause appearing, the Motion for Order is GRANTED. Appellee shall now serve and file its Opening Brief on or before September 12, 2016. The deadline for Appellant to file its Reply Brief shall be in accordance with Federal rule of Bankruptcy Procedure 8018. (lwag) (Entered: 08/10/2016) |
| 09/12/2016 | 18 | APPELLEES REPLY BRIEF filed by Appellee U.S. Bank National Association. (Attachments: # 1 Appendix Appellee's Supplemental Excepts of the Record (Appendix))(Garan, Todd) (Entered: 09/12/2016) |
| 11/09/2016 | 19 | SCHEDULING NOTICE by Judge David O. Carter: Motion Hearing set for 11/16/2016 @ 8:30 AM before Judge David O. Carter. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (dgo) TEXT ONLY ENTRY (Entered: 11/09/2016) |

SER 70

| 11/10/2016 | 20 | SCHEDULING NOTICE by Judge David O. Carter: The Hearing previously scheduled for 11/16/2016 @ 8:30 AM has been rescheduled. Hearing RESCHEDULED for 11/16/2016 @ 1:30 PM **TIME CHANGE ONLY** before Judge David O. Carter. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (dgo) TEXT ONLY ENTRY (Entered: 11/10/2016) |
|---|---|---|
| 11/16/2016 | 21 | MINUTES OF Motion Hearing held before Judge David O. Carter: Hearing held. Court to issue a final order. Court Reporter: Debbie Gale/CourtSmart; Appellant Attorney: Anthony Paul Manrique, Pro Se; Appellee Attorney: Todd Stephen Garan. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. TEXT ONLY ENTRY. (dgo) (Entered: 11/16/2016) |
| 11/18/2016 | 22 | ORDER Denying Appeal of Bankruptcy Court's Order by Judge David O. Carter. Manrique's appeal of the Bankruptcy Court's Orders is DENIED. The Clerk shall serve this minute order on the parties. (see document for details). (Made JS-6. Case Terminated.) (dro) (Entered: 11/18/2016) |
| 12/02/2016 | 23 | NOTICE OF APPEAL to the 9th CCA filed by Appellant Anthony Paul Manrique. Appeal of Order, Terminated Case, 22 Filed On: 11/18/16; Entered On: 11/18/16; Filing fee $ 505 billed. (mat) (Entered: 12/02/2016) |
| 12/02/2016 | 24 | FILING FEE LETTER issued as to Plaintiff Anthony Paul Manrique, re Notice of Appeal to 9th Circuit Court of Appeals 23 . (mat) (Entered: 12/02/2016) |
| 12/05/2016 | 25 | NOTIFICATION from Ninth Circuit Court of Appeals of case number assigned and briefing schedule. Appeal Docket No. 16-56799 assigned to Notice of Appeal to 9th Circuit Court of Appeals 23 as to Appellant Anthony Paul Manrique. (mat) (Entered: 12/05/2016) |
| 12/06/2016 | 26 | COMPACT DISC Order for date of proceedings 11/16/2016 to 11/16/2016 filed by Appellant Anthony Paul Manrique. Court will contact Anthony Manrique at Manq5230@aol.com with any questions regarding this order. Transcript portion requested: FEE PAID. (Manrique, Anthony) (Entered: 12/06/2016) |
| 12/07/2016 | 27 | ORDER from Ninth Circuit Court of Appeals filed re: Notice of Appeal to 9th Circuit Court of Appeals 23 filed by Anthony Paul Manrique. CCA # 16-56799. A review of the docket reflects that appellant has not paid the docketing andfiling fees for this appeal. Within 21 days from the date of this order, appellantshall: [See document] If appellant fails to comply with this order, this appeal will be dismissed automatically by the Clerk for failure to prosecute. [See document for all details](mat) (Entered: 12/07/2016) |
| 12/07/2016 | 28 | TRANSCRIPT ORDER as to Appellant Anthony Paul Manrique for Court Smart (CS). Court will contact Anthony Manrique at Manq5230@aol.com with any questions regarding this order. Transcript preparation will not begin until payment has been satisfied with the court recorder. (Manrique, Anthony) (Entered: 12/07/2016) |
| 12/12/2016 | 29 | DESIGNATION of Record on Appeal by Appellant Anthony Paul Manrique re 23 (Manrique, Anthony) (Entered: 12/12/2016) |
| 12/13/2016 | | |

SER 71

|  |  | APPEAL FEE PAID: re Notice of Appeal to 9th Circuit Court of Appeals 23 as to Appellant Anthony Paul Manrique; Receipt Number: RS008226 in the amount of $505. (lmu) (Entered: 12/13/2016) |
| 12/22/2016 | 30 | DESIGNATION of Record on Appeal by Appellee U.S. Bank National Association re 23 (Garan, Todd) (Entered: 12/22/2016) |
| 12/22/2016 | 31 | STATEMENT of Issues to be Presented on Appeal to the 9th Circuit Court of Appeals filed by Appellee U.S. Bank National Association (Garan, Todd) (Entered: 12/22/2016) |
| 01/11/2017 | 32 | TRANSCRIPT for proceedings held on 11/16/2016 Hearing Vol. I. ****Transcript may only be viewed at the court public terminal or purchased through Court Reporter DEBBIE GALE ---WEBSITE: www.debbiegale.com/ telephone 714-558-8141/ EMAIL: DebbieGaleCSR@gmail.com --- before the deadlinefor Release of Transcript restriction. After that date, it may be obtained from the Court Reporter or through PACER.ADDITIONAL FORMATS of the transcript (ASCII, Condensed, and Word Indexing/Concordance) are also available forpurchase at any time through the Court Reporter. Notice of Intent to Redact due within 7 days of this date.*** Redaction Request due 2/1/2017. Redacted Transcript Deadline set for 2/13/2017. Release of Transcript Restriction set for 4/11/2017. (Gale, Debbie) (Entered: 01/11/2017) |
| 01/11/2017 | 33 | NOTICE OF FILING TRANSCRIPT filed for proceedings 11/16/2016 Hearing Vol. I re Transcript 32 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (Gale, Debbie) TEXT ONLY ENTRY (Entered: 01/11/2017) |
| 01/12/2017 | 34 | TRANSCRIPT for proceedings held on 11/16/2016 Hearing Vol. II. Court Reporter/Electronic Court Recorder: BABYKIN COURTHOUSE SERVICES, phone number (626) 963-0566. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 2/2/2017. Redacted Transcript Deadline set for 2/13/2017. Release of Transcript Restriction set for 4/12/2017. (ls) (Entered: 01/13/2017) |
| 01/12/2017 | 35 | NOTICE OF FILING TRANSCRIPT filed for proceedings 11/16/2016 Hearing Vol. II re Transcript 34 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (ls) TEXT ONLY ENTRY (Entered: 01/13/2017) |
| 03/07/2017 | 36 | TRANSCRIPT ORDER as to Appellee U.S. Bank National Association for Court Reporter. Court will contact Meliza Martinez at mmartinez-meza@aldridgepite.com with any questions regarding this order. Transcript preparation will not begin until payment has been satisfied with the court reporter. (Garan, Todd) (Entered: 03/07/2017) |

| PACER Service Center |
| Transaction Receipt |

SER 72

| 06/02/2017 16:56:05 | | | |
|---|---|---|---|
| **PACER Login:** | mmswenson:4695343:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 5:16-cv-00708-DOC End date: 6/2/2017 |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

**SER 73**